THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY L. BUTLER, Defendant-Appellant.

(No. 72-179; )

Third District—July 31, 1974.

Steven Hurley, of the State Appellate Defender's Office, of Ottawa, for appellant.

James Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury found defendant, Henry Butler, guilty of aggravated battery, the circuit court of Peoria County, on January 21, 1972, sentenced him for a term of from 2 to 8 years to the Department of Corrections.

On this appeal defendant argues: one, section 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, § 12—4(a)) is an improper delegation of the legislative authority and stands in violation of the equal protection clause; two, the defendant was not proved guilty beyond a reasonable doubt; three, the prosecutor's closing argument went beyond and misstated the evidence, and the defendant was prejudiced by the

argument and four, the defendant's sentence is excessive and should be reduced.

During the early morning hours of September 4, 1971, Officers Samuel Means and Daniel Richmond were ordered to the area of Sixth and Sheridan in Peoria to investigate shots being fired. Upon their arrival they saw a group of people scatter, and the defendant run away carrying a gun. Means followed the defendant, who had run into an alley. Richmond circled to go behind the buildings, and when he was one-half way around he heard a shot. Means had been shot. He was taken to the hospital where he received emergency treatment but the wounds were not serious.

Searches of the area turned up a .410 shotgun which was identified as belonging to Lonnie Butler, defendant's father.

At trial, Officer Means identified the defendant as his assailant. Officer Richmond testified that he met the defendant moments after the shooting, and that Butler did not have a gun.

Butler denied shooting Means, and testified that after running through the alley he shoved the gun under an abandoned car and walked to the corner where he met Richmond. Butler further testified that after Officer Richmond ran to the aid of his partner he retrieved the gun, hid it again further away, and was arrested nearby. At the time of his arrest, and as a search of his person was commenced, the defendant threw two objects to the ground which were retrieved by the arresting officer and thereafter were identified as two spent .410 shotgun shells.

The first issue raised by the defendant concerning the unconstitutionality of the statute (Ill. Rev. Stat. 1969, ch. 38, § 12—4(a)) under which he was charged requires no particular discussion in this case since both parties concede this issue was previously determined adversely to the position of the defendant in *People v. Chambers*, 15 Ill.App.3d 23, 303 N.E.2d 24.

This brings us to the principal issue raised on this appeal, namely, the sufficiency of the evidence to support the verdict of the jury. After reviewing the record and the arguments of the parties it is our opinion the jury's verdict is supported by sufficient evidence.

■■ Ordinarily the verdict of a jury in a criminal case will not be disturbed unless the supporting evidence is improbable, unconvincing, or contrary to human experience. (*People v. Stevenson*, 25 Ill.2d 361, 185 N.E.2d 199, and *People v. Stringer*, 52 Ill.2d 564, 289 N.E.2d 631.) There is no disagreement concerning the foregoing rule but only its application to the facts of this case.

In questioning the sufficiency of the evidence the defendant has directed our attention to three areas of the evidence. The first relates to

the identification by Officer Means of the defendant as the one firing the shot. At the trial Officer Means unequivocally identified defendant as one of the group who was at the street corner when the police officers arrived, that he was the one with the gun and that he was the one who fired the shot around the corner at him. It is also shown by the evidence as pointed out by the defendant that defendant was previously known to the police officer but was not identified as the assailant either by Means when he first described the offender at the scene or even later at the hospital. Defendant also argues that there is some improbability in the testimony of Means regarding his view of the assailant just prior to the discharge of the gun. While we believe that there were some adverse factors affecting the credibility of the testimony of Officer Means nevertheless these are matters affecting credibility and are properly areas to be resolved by the jury. We do not find Mean's testimony inherently improbable or unbelievable. The second area of argument discussed by the defendant relates to the testimony regarding the gun, its bullets, the nature of the wounds and the defendant's conclusion that the evidence conclusively demonstrates the .410-gauge shotgun could not have caused the wounds sustained by Means. In this connection it should be noted that the State made no effort to prove by physical evidence that the wounds were in fact caused by the .410-gauge shotgun but from the nature of the testimony was content to show the wounds could have been so caused. The defendant called as his witness Dr. Kim, the physician who initially treated Means in the emergency room at the hospital, and another witness, Dr. Kenney. These witnesses were questioned with the apparent intention of showing that the bullet or bullets which caused Means wounds could not have been fired from the .410-gauge shotgun, thereby demonstrating that the defendant could not have been the assailant. In his brief the defendant points to some of the testimony of Dr. Kim and also that of Michael Kreiser, a ballistics expert who testified on behalf of the State. However, our examination of the testimony of these witnesses reveals, first, that none of the witnesses were able to say whether the wounds were caused by one bullet, more than one bullet, one pellet or more than one pellet, and none of the witnesses were able to say that the wounds could not have been caused by bullets discharged from the .410-gauge shotgun. If the purpose of the testimony was to show that the wounds could have only been caused by some gun other than the .410-gauge shotgun it fails to do so, and on the contrary the evidence is such that the jury could conclude a shot was fired by the .410-gauge shotgun.

This brings us to the third area of the evidence discussed by the defendant which is his claim that with relation to times and distances he could not have been the person shooting Means. By this defendant in-

sists that he could not have fired the shot at the time and place testified by Means, disposed of the gun and then walked passed Richmond at the outlet of the alley. Again we do not believe the evidence supports the conclusive improbability asserted by the defendant but on the contrary represents estimates of times, distances and judgments which are subject to variation precluding any arithmetic or logistic precision.

The next assignment of error raised by defendant is his contention that reversible error was committed by the State's Attorney because of remarks made during final argument.

■■ According to defendant assumptions and statements of fact not based on evidence in the case may not properly be argued to the jury, citing, *People v. Beier*, 29 Ill.2d 511, 194 N.E.2d 280. It is equally well settled that statements of counsel in closing arguments based on facts and circumstances proved, or upon legitimate inference therefrom, do not exceed the bounds of propriety. *People v. Miller*, 13 Ill.2d 84, 148 N.E.2d 455.

Defendant complains of three statements made by the State's Attorney during his closing argument. We believe it unnecessary to discuss the statements in detail and believe it sufficient to say that after reviewing the statements in the context of the evidence it is our conclusion that the statements represented arguable inferences from the evidence and, further, the statements did not go beyond the bounds of legitimate argument even if defendant believed that other inferences were more reasonable.

Finally, defendant argues that his sentence of from 2 to 8 years incarceration is excessive. Defendant's argument in this regard is twofold. First, since Section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(4)) provides, "(4) for a Class 3 felony, the minimum shall be one year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court, * * *" defendant argues the sentence must be reduced to the present minimum sentence or the case remanded for further consideration by the trial court. Second, the sentence fails to take into account the primary purpose of sentencing, namely, the rehabilitation of defendant and in fact the sentence imposed is contrary to such purpose.

■■ The trial court imposed the sentence on the defendant in this case on April 11, 1972. Although the present Unified Code of Corrections did not become effective until January 1, 1973, the Code is applicable to those cases not finally adjudicated on the effective date of the act (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269), although there is some dicta in

*People v. Ike,* 10 Ill.App.3d 933, 295 N.E.2d 250, suggesting that before the court may impose a minimum sentence in excess of that provided by statute a special finding is required. However, it is our opinion, at least with regard to sentences imposed before the effective date of the act, that it is sufficient if the record shows the court duly considered the factors mentioned in the statute and no special finding need be required. If such factors were actually considered, and in this case we believe they were, it is hard to envision why the trial court upon a remandment or reconsideration would not merely redetermine that its previous sentence was appropriate, which procedure could be of no significant benefit to the defendant.

■■ As has been pointed out in defendant's brief there are many factors which might suggest the appropriateness of a lesser sentence but a review of the record fails to demonstrate that these factors were not considered by the trial court or that the sentence imposed is beyond the range of sentence possibilities which the court could impose in the exercise of its discretion.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.