THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT SANDERS, Defendant-Appellant.

Third District   No. 75-399

Opinion filed April 6, 1977.

STENGEL, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for.
appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On June 19, 1975, the Peoria County grand jury issued seven separate bills of indictment against the defendant, Robert Sanders, for the unlawful delivery of a controlled substance in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401). In five of these indictments, the defendant was accused of five separate deliveries of less than 300 grams of a substance containing methylenedioxyamphetamine (MDA). These deliveries occurred between March 15 and April 23, 1975. In addition, a separate indictment charged the defendant with the delivery of less than 200 grams of a substance containing phenmetrazene on May 21, 1975, while the seventh indictment charged that, on May 2, 1975, the defendant delivered less than 30 grams of a substance containing lysergic acid diethylamide (LSD).

Subsequently, on September 19, 1975, the defendant appeared in court, accompanied by counsel, and tendered guilty pleas to each and every one of these indictments. After admonishing the defendant in accordance with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402), the court accepted the guilty pleas. Prior to this proceeding, on September 15, 1975, the trial court had explained to the defendant that there was a possibility of consecutive sentences. The trial court also noted on that occasion that the defendant had a prior conviction for the possession of cannabis and advised the defendant of his potential liability for double the usual maximum sentence. (Ill. Rev. Stat. 1975, ch. 56½, par. 1408.) Following an objection by defense counsel that cannabis is not a controlled substance, the State proffered a theory that a conviction on any indictment in the present case would serve as a prior conviction to a subsequent conviction on any other indictment in this case, thereby allowing the trial court to enter a sentence of double the maximum on the latter conviction. The defense also objected to this interpretation.

After a presentence report was filed, a sentencing hearing was held on October 23, 1975. The trial court sentenced the defendant to concurrent terms of 3 1/3 to 10 years on six of the indictments. However, in the case involving the delivery of phenmetrazene, the defendant was sentenced to a concurrent term of 6 to 20 years. The former sentences represented the maximum term for a conviction of a Class 3 felony. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(4).) All the indictments involved Class 3 felonies. (Ill. Rev. Stat. 1975, ch. 56½, pars. 1401(c), (d), 1204(d)(1),(9),

and 1208(b), (c)). The greater sentence for the delivery of phenmetrazene was an enhanced sentence for a second or subsequent offense involving controlled substances. Ill. Rev. Stat. 1975, ch. 56½, par. 1408.

The only issues raised by the defendant in this appeal is whether the trial court abused its discretion in sentencing him to an enhanced term under section 408 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408). The State offers three theories upon which it is suggested we base an affirmance.

The first suggestion may be summarily dismissed. The State argues that since the defendant could have received consecutive sentences, we should consider the trial court as having sentenced the defendant to two consecutive maximum sentences. However, the trial court does not mention consecutive sentencing, but rather relies on the power to impose an enhanced sentence under section 408. Therefore, although we mention it, we refuse to consider this suggestion by the State.

■■   Secondly, it is argued that the prior conviction involving cannabis is an adequate basis for the enhanced sentence. We disagree. The Illinois legislature has chosen to deal separately with cannabis and controlled substances. The possession, manufacture and delivery of cannabis is proscribed in the Cannabis Control Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 701 *et seq.*) Consequently, the Illinois Controlled Substance Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1100 *et seq.*) does not include cannabis in its schedules of controlled substances. Therefore, we must infer that cannabis was intended not to be a controlled substance in the State of Illinois. (See *People v. Glidden* (3d Dist. 1975), 33 Ill. App. 3d 741, 338 N.E.2d 204; *People v. Taylor* (4th Dist. 1974), 18 Ill. App. 3d 480, 309 N.E.2d 595.) This intention is borne out by the legislative declaration in section 1 of the Cannabis Control Act.

> "The General Assembly recognizes that (1) the current state of scientific and medical knowledge concerning the effects of cannabis makes it necessary to acknowledge the physical, psychological and sociological damage which is incumbent upon its use; and (2) the use of cannabis occupies the unusual position of being widely used and pervasive among the citizens of Illinois despite its harmful effects; and (3) previous legislation enacted to control or forbid the use of cannabis has often unnecessarily and unrealistically drawn a large segment of our population within the criminal justice system without succeeding in deterring the expansion of cannabis use. It is, therefore, the intent of the General Assembly, in the interest of the health and welfare of the citizens of Illinois, to establish a reasonable penalty system which is responsive to the current state of knowledge concerning cannabis and which directs the greatest efforts of law enforcement agencies

toward the commercial traffickers and large-scale purveyors of cannabis. To this end, this Act provides wide latitude in the sentencing discretion of the courts and establishes penalties in a sharply rising progression based on the amount of substances containing cannabis involved in each case." (Ill. Rev. Stat. 1975, ch. 56½, par. 701.)

This statement of legislative purpose makes it clear that cannabis was intended to be treated differently than controlled substances.

Section 408 provides:

"(a) Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

(b) For purposes of this Section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this Act or under any law of the United States or of any State relating to controlled substances." (Ill. Rev. Stat. 1975, ch. 56½, par. 1408.)

Although the Cannabis Control Act also provides for enhanced sentences to be awarded to persons convicted of possessing 10 to 30 grams or 30 to 500 grams of cannabis in the event the offense for which that person is convicted is a subsequent offense (Ill. Rev. Stat. 1975, ch. 56½, par. 704(c), (d)), that is not the statute under which this defendant was sentenced.

■■ Furthermore, "subsequent offense," as defined in the Cannabis Control Act "means an offense under this Act, the offender of which, prior to his conviction of the offense, has at any time been convicted under this Act or under any laws of the United States or of any state relating to cannabis, or *any controlled substance as defined in the Illinois Controlled Substances Act."* (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 56½, par. 703(*l*).) By comparing sections 408 (b) and 3(*l*) it is unquestioned that the legislature did not intend to include prior cannabis convictions as a basis for an enhanced penalty under the Controlled Substances Act. If that has been the legislative intent, section 408(b) would have included a reference to the Cannabis Control Act just as the Cannabis Control Act expressly includes prior convictions under the Illinois Controlled Substances Act. The fact that these two acts were enacted together supports this construction. The greater sentencing for cannabis trafficking is to be done under the Cannabis Control Act, not the Controlled Substances Act.

Therefore, the defendant can not be given an enhanced sentence by reason of his only prior conviction under the Cannabis Control Act. Although we are not now deciding a case in which the prior conviction involving cannabis is from a State whose statute defines cannabis as a

controlled substance, controlled substance, as used in 408(b), is defined by the Illinois Controlled Substances Act. For that reason, we believe no prior cannabis conviction, whether under the laws of the State of Illinois, the laws of another State or the laws of the United States, can provide the basis for an enhanced penalty under the Illinois Controlled Substances Act.

■■■ Since the prior cannabis conviction in Illinois could not be the basis for the enhanced sentence imposed by the trial court, the State's third suggestion must be considered. This last contention is that, since the trial court imposed sentences separately on the other six charges before issuing the enhanced sentence on the seventh charge, the section 408(b) requirement of prior convictions was met. With this theory we also can not agree.

Under the law of Illinois, "conviction" is defined as follows:

> " 'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict of finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury."
> (Ill. Rev. Stat. 1975, ch. 38, pars. 2—5, 1005—1—5.)

Although a judgment was "rendered" when the trial court pronounced its ruling, it was not "entered" until the clerk performed the ministerial task of preserving the record of that decision. (*Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 94 N.E.2d 139.) It is true that the judgment entered must coincide with that rendered. (*In re Estate of Young* (1953), 414 Ill. 525, 122 N.E.2d 113.) Nevertheless the statutory definition of conviction requires that the judgment or sentence be "entered." Since the sentences for all seven offenses were filed simultaneously when the circuit clerk stamped the pretyped order imposing all the sentences, and since the record does not contain any orders rendering judgment on the pleas of guilty, there are no prior convictions under the Controlled Substances Act upon which to base the enhanced sentence.

Accordingly, the sentence imposed in the cause designated Circuit Court Docket Number 75 CF 3761, charging the delivery of less than 200 grams of a substance containing phenmetrazene, by the Circuit Court of Peoria County is reduced to a term of imprisonment of not less than 3 1/3 years nor more than 10 years, to run concurrently with the other sentences imposed by the Circuit Court of Peoria County against this defendant. The convictions and sentences to which no errors are assigned are affirmed.

Affirmed. Sentence modified.

STOUDER, P. J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I would affirm the conviction and sentence. The majority's dictum that no prior cannabis conviction can ever provide the basis for an enhanced penalty under the Controlled Substances Act is based on what it perceives to be the legislature's intent as indicated by the difference between the definitions of a "subsequent offense" under the cannabis and controlled substances statutes. Despite the fact these two statutes were enacted together, the differences between them are so slight, and the similarities so substantial, that there can be no good reason to believe the legislature intended to attach different meanings to them.

Our concern should properly be with the purpose of the classification and the problems the legislature was attempting to alleviate thereby. In this connection, the legislature's declaration of intent under the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 701) directs:

"* * * [T]he greatest efforts of law enforcement agencies toward the commercial traffickers and large-scale purveyors of cannabis. To this end, this Act provides wide latitude in the sentencing discretion of the courts * * *."

Similarly, the legislature's intent in creating a controlled substance statute was, *inter alia*, to:

"(2) deter the unlawful and destructive abuse of controlled substances; (3) penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society * * *."

(Ill. Rev. Stat. 1975, ch. 56½, par. 1100.

In *Billings v. Illinois* (1903), 188 U.S. 97, 102, 47 L. Ed. 400, 403, 23 S. Ct. 272, 273 the court stated: "Things may have very diverse qualities, and yet be united in a class. They may have very similar qualities, and yet be cast in different classes. * * * [A]ll classification—must primarily depend upon purpose—the problem presented." These statements of purpose, as they relate to the Controlled Substances Act's enhanced penalty provision, make it clear that the legislature was attempting to classify all drugs for the purpose of combating the social evil found in the illegal sale, possession and use of the same. It is worth noting that in addition to defendant's prior cannabis conviction he was also convicted of seven separate transactions involving the delivery of controlled substances during a two-month period between March and May, 1975. It is therefore evident that this defendant was precisely the type of drug trafficker toward whom the enhanced penalty provision of the Controlled Substances Act was directed.

Furthermore, the majority's dictum appears to fly in the face of the clearly stated wording of section 408(b), which defines a "second or

subsequent offense" as any conviction under the Controlled Substances Act following a prior conviction "under this Act *or* under any law of the United States *or* of any State relating to controlled substances." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 56½, par. 1408(b).) This wording establishes three alternative situations where imposition of an enhanced term would be appropriate, *viz.*, a prior conviction under the Illinois Controlled Substances Act, a prior conviction under Federal law or a prior conviction under any State law relating to controlled substances.

The majority's dictum would appear to require that the prior conviction be recognized as a controlled substances conviction in Illinois despite the fact that Illinois is one of only two, or possibly three, jurisdictions which treats cannabis separately from other controlled substances. In creating two other situations in which an enhanced term would be appropriate, the legislature must have recognized that cannabis is scheduled as a controlled substance under Federal law (see 21 U.S.C.A. § 801 *et seq.*) as well as in most States. Therefore, the majority's statement would effectively reduce the second and third alternative situations stated in section 408(b) to mere surplusage.

Moreover, I do not think we can properly ignore the path which a logical extension of the majority decision would require us to take in the future. On the one hand, we would have to ignore the plain meaning of section 408(b) in order to modify an enhanced sentence based on a prior cannabis conviction from a jurisdiction which treats cannabis as a controlled substance. On the other hand, to affirm the imposition of an enhanced sentence in a case involving a defendant with a prior cannabis conviction from a jurisdiction which treats cannabis as a controlled substance, while reversing the sentence imposed here based on our legislature's separation of cannabis from other controlled substances, would create serious constitutional problems of discrimination against defendants unfortunate enough to have been convicted under a statute defining cannabis as a controlled substance.

In my opinion, these ramifications flowing from the majority's decision underscore the error of refusing to treat the prior cannabis conviction here as a basis for imposing an enhanced sentence. I think defendant's prior cannabis conviction is a "subsequent offense" with the meaning of section 408(b) under the third alternative stated in the statute. The phrase "relating to controlled substances" seems broader than the construction placed upon it by the majority, and certainly implies that any prior conviction relating to a substance which is lawfully controlled or regulated by statute may be sufficient to permit imposition of an enhanced sentence. I would also point out that it is entirely within the legislature's authority to regulate substances such as cannabis (see *People*

*v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407), and that cannabis is controlled or regulated under the Cannabis Control Act. I do not disagree with the majority's assessment that cannabis is ordinarily to be distinguished from other controlled substances in Illinois. I simply believe that given the intents and purposes of the legislature in creating the cannabis and controlled substances statutes, the enhanced term provision of the Controlled Substances Act carves out a limited exception under which cannabis and other drug convictions may be equated.