THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE PHILLIPS, Defendant-Appellant.

Fifth District    No. 76-407

Opinion filed January 4, 1978.

JONES, J., dissenting.

Helen D. Moorman, Assistant Public Defender, of Edwardsville, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant pleaded guilty on the same date as to two offenses of unlawful delivery of a controlled substance in violation of section 401(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)). On the first conviction he was sentenced to the Department of Corrections to not less than six and two-thirds years nor more than twenty years. On the second conviction, he was sentenced to the Department of Corrections to not less than nine years nor more than twenty-seven years pursuant to section 408 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408).

Pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), defendant filed a motion to withdraw his pleas of guilty or in the alternative to reduce sentence. The court denied the motion after a hearing. Defendant appeals.

On March 25, 1976, the Madison County grand jury returned four one-count indictments against defendant. In No. 76-CF-140, the indictment alleged that on November 2, 1975, defendant delivered less than 30 grams of a substance containing heroin to Dennis Joyce. Pre-trial discovery indicates the heroin weighed 0.5 grams. In 76-CF-141, the indictment alleged that on November 6, 1975, defendant delivered less than 30 grams of a substance containing heroin to Dennis Joyce. Pre-trial discovery indicates that the heroin which was the basis of this charge weighed 4.1 grams. The record does not indicate the amount or type of drugs involved in the other indictments.

■■ At the time of the offenses, defendant was serving a sentence of five years probation for robbery. The cases were called separately and 76-CF-140 was taken first. The court was informed that there had been plea negotiations. The court determined that defendant could read, write, and understand English, was not suffering from a mental or physical disability, and was not under the influence of alcohol, narcotics, or drugs. Defendant further stated that he was not a drug addict. The trial court then substantially complied with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) which in this case included the admonishment that the sentence could run consecutively to any sentence the court imposed on the revocation of probation on the robbery charge. The factual basis for the plea was that agents Hempe and Joyce of the Metropolitan Enforcement Group (MEG) had previously purchased heroin from defendant and sought him in order to make another purchase. Upon finding defendant, the agents told him that the heroin which they had previously purchased from him was good, and defendant asked them if they wanted more. After a discussion of price, the defendant said he would sell the agents 0.5 gram of heroin for $83. The agents and the defendant drove to 1110 West 9th Street, Alton, Madison

County, where the defendant entered the building and returned approximately five minutes later with a tin-foil packet of heroin which he delivered to agent Joyce. Jim Flynn, an Illinois Bureau of Identification Criminalist, confirmed that the packet delivered to agent Joyce contained 0.5 gram of a substance containing heroin. Defendant agreed with the statement of facts.

The court was then informed of the terms of the plea negotiations. Defendant agreed to plead guilty to 76-CF-140 and 76-CF-141. The State agreed to dismiss 76-CF-139 and 76-CF-142 and to recommend three to nine years' imprisonment on the revocation of probation on the robbery conviction. The State further agreed to make no recommendations on the sentences for conviction in 76-CF-140 and 76-CF-141. The court then repeated the plea agreement, and defendant stated that the agreement was as the court had stated. Defendant also stated that he was satisfied with the services of his attorney. Defendant persisted in his plea of guilty, and the court accepted the plea. The court ordered a pre-sentence investigation and recessed for five minutes.

When the court reconvened, No. 76-CF-141 was called. The proceeding was essentially the same as had previously occurred in No. 76-CF-140. However, defendant was further admonished that section 408 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408) provided that upon a second or subsequent conviction under the Act, he could be sentenced to imprisonment up to twice the maximum sentence or fined twice the amount as otherwise provided. The factual basis for this plea was that on November 6, 1975, agents Joyce and Hempe and defendant went to 1109 West 9th Street, Alton, Illinois. Agent Hempe and the defendant entered the residence. The defendant went into another room, returned a few minutes later, and asked agent Hempe to give him the money. Hempe said he wanted a good ounce of heroin for his $450. Defendant then went to the kitchen, returned in a few minutes, and left the house with Hempe. Upon entering the automobile, the defendant delivered a tin-foil packet to Joyce. An analysis of the contents of the packet by George A. Whitlatch, Illinois Bureau of Identification, established that the packet contained 4.1 grams of a substance containing heroin. After the plea agreement, which was the same as in 76-CF-140, was stated, the court said it would not be bound in any way by the plea agreements and that he had not been a party to the plea agreements. After the court again substantially complied with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402), the court accepted the defendant's guilty plea and ordered a pre-sentence report.

A consolidated pre-sentence report was filed which supplemented the previous pre-sentence report which was prepared for the sentencing hearing on the robbery charge. On July 22, 1976, the cases were called for

sentencing. No. 76-CF-140 was called first and in accord with the plea agreement, the State offered no evidence in aggravation. Joe Holcomb, professor of psychology at Lewis and Clark Community College, testified that defendant had been one of his superior students in the three classes in which defendant was a student. Defendant testified that he had found it difficult to obtain employment because he was on probation for robbery. Then the Veterans Administration sent him a bill for approximately $600 which the administration had overpaid him for G. I. Bill Education Benefits. Defendant sold the heroin to pay for his school books and only sold drugs on the four occasions on which he was indicted. After hearing argument of the defendant, the court stated:

> "The Court has further considered the testimony presented here at the sentencing hearing, the presentations of Counsel, the presentence report, and the Court having regard to the nature and circumstances of the offense, and your history must consider not only you but the other citizens of this community. The nature of the offense that you are charged with is a very serious one, in that heroin is a very dangerous drug and is severely damaging to both the mind and body, and there can be very severe emotional difficulties as a result of the use of heroin. The delivery of heroin has wrecked [*sic*] havoc on many segments of our society and it is a conduct that cannot be tolerated in our society today. The Court has considered your history, has considered what was stated here today regarding your history and particular the Court has considered your conviction of robbery in 1973 and being granted probation for that felony, and later that probation was revoked by the Court. The Court having considered all of these things, the Court feels that in order to sentence you appropriately, it is necessary for the Court to impose a sentence greater than the minimum term. Clyde Phillips, it is the sentence of this Court, and you are hereby sentenced to the custody of the Department of Corrections for the State of Illinois for an indeterminate term of years; the minimum to be 6 2/3 years and the maximum to be 20 years."

Defendant was advised of Supreme Court Rule 604(d) procedures and his right to appeal from a denial of a 604(d) motion. The court then recessed for five minutes.

When the court resumed, No. 76—CF—141 was called for sentencing and the State again stood mute and made no recommendation. The defendant argued that he should not be sentenced as a second or subsequent offender as the two offenses occurred over a couple of days and that he should be sentenced under section 5—4—2 of the Unified Code of Corrections for multiple offenders. The court stated:

"The Court having regard to the nature and circumstances of the offense in that you were convicted of, having pled guilty to the Unlawful Delivery of a Controlled Substance, the substance being heroin, the Court should properly consider that element of the offense, and heroin is a highly dangerous and destructive drug for human beings. The delivery of heroin has wrecked [*sic*] havoc on many segments of our society. Heroin is damaging physically and mentally and can result in permanent emotional disabilities and permanent emotional damage. This is a very serious crime and the Court must consider the nature and circumstances of this offense. The Court having regard to the history and character of the defendant Clyde Phillips, has considered very carefully the presentence report and in particular the fact that the defendant was convicted of a felony, robbery in 1973 and that the defendant has been sentenced just a few minutes ago, in connection with another delivery of heroin. The Court also has considered the provisions of Chapter 56½, Paragraph 1408 of the Illinois Revised Statutes and find in considering all of these matters that in order to sentence appropriately in this case it is necessary for the Court to impose a sentence greater than the minimum sentence provided. Clyde Phillips, it is the sentence of this Court and you are hereby sentenced to the custody of the Department of Corrections for the State of Illinois for an indeterminate term of years, the minimum to be nine and the maximum to be twenty-seven years."

Defendant was again advised of Supreme Court Rule 604(d) procedures and his right to appeal from a denial of a motion made under that rule.

Defendant timely filed a motion to withdraw his pleas of guilty or in the alternative reduce the sentences. On August 24, 1976, the motion was heard and the court denied the motion in both cases. The defendant appeals in both cases.

Pursuant to Supreme Court Rule 604(d), the only issue which we can consider on appeal is the propriety of defendant's sentences and whether defendant should be treated as a second or subsequent offender as provided in section 408 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 408) which states:

"Second or subsequent offenses—Enhancement of penalties.] §408.

(a) Any person convicted of a second or subsequent offense under this Act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

(b) For purposes of this Section, an offense is considered a second or subsequent offense, if, prior to his conviction of the

offense, the offender has at any time been convicted under this Act or under any law of the United States or of any State relating to controlled substances."

This is the first time the Fifth District has had to interpret the aforementioned section.

The State contends that the extended sentence should be considered a consecutive sentence of two and one-third to seven years. However, the trial court did not mention consecutive sentencing but rather relied on the power to impose an enhanced sentence under section 408. Therefore, we refuse to consider the suggestion by the State. (*People v. Sanders,* 47 Ill. App. 3d 180, 361 N.E.2d 884.) Further, before a consecutive sentence can be imposed on a defendant, the court must be of the opinion that such a term is required to protect the public from further criminal conduct by the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) The trial court did not make the required finding for imposition of consecutive sentences.

A statute which imposes additional punishment upon conviction for a second or subsequent conviction is highly penal and must be strictly construed. (*People v. Perkins,* 395 Ill. 553, 70 N.E.2d 622; *Kane v. State* (Del. 1974), 327 A.2d 744.) Enhanced penalty statutes are enacted as a warning to a first offender of the consequences of a second conviction, and it cannot legally be known that an offense has been committed until there has been a conviction. (*Kane v. State* (Del. 1974), 327 A.2d 744.) Further, an enhanced penalty should not be imposed until the offender has had the opportunity to reform due to the salutary discipline of the punishment which he has received as a consequence of his first conviction. (*State v. Mitchell* (1970), 2 Wash. App. 943, 472 P.2d 629; *State v. Conley* (Iowa 1974), 222 N.W.2d 501.) We conclude that the words "convicted of a second or subsequent offense" prior to the fixing of penalties in section 408 of the Controlled Substances Act does not contemplate the accumulation of a number of offenses within a four-day period but contemplates increased punishment for a person, who, after conviction, does not reform but persists in committing other offenses of a similar character. (*People v. Klemick,* 311 Ill. App. 508, 36 N.E.2d 846.) Therefore, we hold that for a defendant to be sentenced to enhanced penalties of section 408 of the Controlled Substances Act the following must occur: (1) The defendant must be convicted of a narcotics violation charge as defined in (b) of section 408; (2) he must then commit another narcotics offense which leads to his second or subsequent conviction; and (3) the enhanced penalties provision must be specifically invoked by the trial court when imposing sentence. Under the facts of this case the trial court had no power to impose an enhanced penalty on the defendant. Courts of other jurisdictions have reached the same conclusion. See *State*

*v. Mitchell* (1970), 2 Wash. App. 943, 472 P.2d 629; *Hinton v. State* (1976), 138 Ga.App. 702, 227 S.E.2d 474; *Kane v. State* (Del. 1974), 327 A.2d 744; *Karz v. State* (Fla. App. 1973), 279 So. 2d 383; *State ex rel. Jackson v. Henderson* (La. 1973), 283 So. 2d 210; *State v. Conley* (Iowa 1974), 222 N.W.2d 501.

We now consider whether the sentence of six and two-thirds to twenty years imprisonment on defendant's first conviction in 76—CF—140 is excessive. Under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)), a reviewing court has the power to reduce punishment imposed by the trial court. In exercising this power, however, reviewing courts should consider the superior opportunity of the trial court during trial and at the sentencing hearing to acquire information about the defendant which would be helpful in determining a suitable punishment. (*People v. Butler,* 64 Ill. 2d 485, 356 N.E.2d 330.) We are mindful of that caveat and also of article I, section 11 of the Illinois Constitution of 1970 which requires that all penalties for violation of the criminal law must be determined according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.

In addition to the general sentencing guidelines of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—6—1 and 1005—8—1 *et seq.*), the legislature has enacted guidelines for imposing sentences in drug cases. Section 411 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1411) states:

"1411. Sentencing—Matters considered.] §411. In determining the appropriate sentence for any conviction under this Act, the sentencing court may consider the following as indicative of the type of offenses which the legislature deems most damaging to the peace and welfare of the citizens of Illinois and which warrants the most severe penalties:

(1) the unlawful delivery of the most highly toxic controlled substances, as reflected by their inclusion in Schedule I or II of this Act;

(2) offenses involving unusually large quantities of controlled substances, as measured by their wholesale value at the time of the offense;

(3) the unlawful delivery of controlled substances by a non-user to a user of controlled substances;

(4) non-possessory offenses by persons who have no other visible means of support;

(5) offenses involving the large-scale manufacture of controlled substances;

(6) offenses which indicate any immediate involvement

whatsoever with organized crime in terms of the controlled substance's manufacture, importation, or volume distribution;

(7) the manufacture for, or the delivery of controlled substances to persons 3 years or more junior to the person(s) convicted under this Act.

Nothing in this section shall be construed as limiting in any way the discretion of the court to impose any sentence authorized by this Act."

On the record before us, only one of the seven guidelines is present.

If only one of the seven guidelines is present, a court, under the proper circumstances, can still impose a maximum sentence of six and two-thirds to twenty years for violation of section 401(b) of the Illinois Controlled Substances Act. (See the last paragraph of Ill. Rev. Stat. 1975, ch. 56½, par. 1411.) However, few other aggravating factors are present in this case. Defendant had previously been convicted for robbery and was sentenced to probation. The factual basis for the guilty plea indicates that on a previous occasion, defendant sold the agents heroin. In conformity with the plea negotiations, the State did not present evidence in aggravation; however, in such instances cross-examination is proper. Defendant stated that he tried to develop new associates after he ceased using drugs. On cross-examination, defendant was asked the extent of his association with two named individuals who resided at the Ninth Street address and who, as can be inferred from the record, provided the defendant with the heroin he delivered to MEG agents and which served as the basis for his convictions. (The record does not disclose the extent of involvement of these individuals in the Alton illegal drug traffic.) Defendant testified that the only sales he made were to the MEG agents. The sales which resulted in conviction involved 4.6 grams of heroin and $533. The record does not indicate the amount sold on the other two occasions. While the amount of narcotics in a particular situation is not determinative of the penalty to be imposed on the offense (*United States v. Melendez* (7th Cir. 1966), 355 F.2d 914), the record in this case does not indicate that defendant is a large-scale purveyor of or trafficker in controlled substances which the legislature intended the courts to punish more severely than the occasional petty distributor. (Ill. Rev. Stat. 1975, ch. 56½, par. 1100.) Further, the comments of the trial court indicate that he was more concerned with the severe societal problems caused by the use of and traffic in drugs than with the particular circumstances presented in these cases. *People v. Honn,* 47 Ill. App. 3d 378, 362 N.E.2d 90.

■■ We observe that the sentence given by the trial court in No. 76-CF-140 is the highest sentence the trial court could have imposed for this Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1). The minimum is more than six times the minimum required by the statute and over two

years more than the minimum required for a Class 1 felony. Although we feel the sentence is unduly severe, under the rationale of *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, we are unable to hold that the trial court abused its discretion in this case.

The conviction and sentence in No. 76-CF-140 is affirmed. The conviction in No. 76-CF-141 is affirmed, but the sentence is reduced to a minimum of six and two-thirds and a maximum of twenty years, with the sentence to run concurrently with the sentence in 76-CF-140. This case is remanded for the issuance of a new mittimus in No. 76-CF-141.

Affirmed in part, reversed in part and remanded with directions.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE JONES, dissenting:

I respectfully dissent from that portion of the majority opinion which holds that before an enhanced penalty provided by section 408 of the Controlled Substances Act may be imposed the defendant must first be convicted of the first offense before he commits the subsequent offense.

The majority outlined three factors that must be present before an enhanced penalty may be imposed under section 408. In my opinion this is engrafting upon the statute conditions and provisions that completely alter the meaning and purport of the statute adopted by the legislature. It is, in short, judicial legislation. Section 408(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408(b)) provides:

> "For purposes of this Section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has *at any time* been convicted under this Act or under any law of the United States or of any State relating to controlled substances." (Emphasis supplied.)

In arriving at its decision the majority relies on decisions from five other States with no attempt to show comparative statutory application. In any event, analogy to decisions from other States would not suffice as justification for overriding the plain language of the Illinois statute.

The interpretation placed upon section 408 by the majority permits unlimited and uninhibited wheeling and dealing by pushers and dealers in narcotics without fear of enhanced punishment until after they have once been convicted. Such result is contrary to both the letter and the spirit of section 408 and contrary to the legislative intent in enacting the Controlled Substances Act as that intent is expressed in section 100 of the Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1100). It is plain that the defendant in the case at hand was a dealer or pusher. He admitted at least four sales of

heroin but denied being a user. He is the very type at which section 408 is directed.

I would address one further statement of the majority. They state that: "[B]efore a consecutive sentence can be imposed on a defendant, the court must be of the opinion that such a term is required to protect the public from further criminal conduct by the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) The trial court did not make the required finding for imposition of consecutive sentences."

I believe the record clearly shows that the trial judge did make the findings required by section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1105—8—4(b)). In giving his reasons for the sentence he was imposing the trial judge stated that he must consider not only the defendant but the other citizens of the community. The court then stated:

> "The nature of the offense you are charged with is a very serious one, in that heroin is a very dangerous drug and is severely damaging to both the mind and the body, and there can be very severe emotional difficulties as a result of the use of heroin. The delivery of heroin has wrecked [*sic*] havoc on many segments of our society and it is a conduct that cannot be tolerated in our society today."

Even in the absence of the above express findings of the court, I believe that so long as the reasons supporting a consecutive sentence under section 5—8—4(b) appear of record in justification of the court's imposing a consecutive sentence, no express finding of record need be made by the court. I find no cases to this effect which are decided with regard to section 5—8—4(b) but the findings required by that section of the statute are analogous to the findings required for imposition of an enhanced penalty pursuant to section 5—8—1(c). With regard to the findings required under the latter statute it is held that they need not be expressed by the court so long as the necessary sentence supporting elements appear in the record. See *People v. Collins*, 36 Ill. App. 3d 269, 275, 343 N.E.2d 550, 554, where, after reviewing several cases, the court states:

> "It seems clear, from the above cases and from the fact that the courts have for the most part examined the record in reviewing charges of excessiveness in sentencing, that a statement of specific reasons is not required so long as reasons appear on record supporting the addition of more years than is mandated by the Code. (See *People v. Butler* (3rd Dist. 1974), 21 Ill. App. 3d 331, 335, 315 N.E.2d 144.)"

The interpretation of the *Collins* and *Butler* cases is in keeping with the approach to the requirements for admonitions to defendants in taking

700

pleas of guilty pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) adopted by our supreme court in *People v. Krantz*, 58 Ill. 2d 187, 317 N.E.2d 559; *People v. Ellis*, 59 Ill. 2d 255, 320 N.E.2d 15; and *People v. Dudley*, 58 Ill. 2d 57, 316 N.E.2d 773.

Without question the better approach would be for the trial court to state of record his reasons for imposing a consecutive sentence. However, in the absence of such statement by the trial court the imposition of a consecutive sentence could still be justified if the factors supporting it appeared in the record. I believe such a result is clearly directed by *Collins, Butler, Krantz, Ellis* and *Dudley.*