THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BURNELL ROBINSON *et al.*, Defendants-Appellants.

Third District   Nos. 79-771, 79-501 cons.

Opinion filed December 31, 1980.

STOUDER, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellants.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The defendants, Mack Bell and Burnell Robinson, were jointly indicted in the Circuit Court of the Twelfth Judicial Circuit, Will County, for one count each of robbery and one count each of aggravated battery. On May 16, 1979, a jury found the defendants guilty on all counts. Defendant Robinson was sentenced on August 8, 1979, to an extended term of 12 years of imprisonment for robbery and a 5-year term of imprisonment for aggravated battery, the sentences to run concurrently. Defendant Bell was sentenced to concurrent terms of imprisonment of three years for robbery and two years for aggravated battery. The trial court, pursuant to section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(g)), also ordered both defendants to reimburse their public defender from their remaining bail deposits. The defendants' causes were consolidated on appeal.

Both defendants urge that the reimbursement order be vacated because section 110—7(g) was declared unconstitutional in *People v. Cook* (1980), 81 Ill. 2d 176, 407 N.E.2d 56. The State agrees with their contention. Accordingly, the trial court's order that the public defender be reimbursed from the defendant's bail deposits is vacated.

Defendant Robinson also appeals his 12-year extended-term sentence for the April 15, 1978, robbery, contending that the trial court improperly applied the extended-term provision (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)) when sentencing him because the trial court based the application of the extended-term provision on a Federal conviction in Illinois. The State counters, arguing that the trial court considered a Federal conviction, which resulted in the defendant's custody from 1967 to December 1974, merely to toll the expiration of the 10-year extended-term limit; thus, the court properly extended his sentence based on two 1967 Illinois convictions for robbery.

The provision in dispute, section 5—5—3.2(b)(1) of the Unified Code of Corrections, reads:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such

charges are separately brought and tried and arise out of different series of acts; or

* * *." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).)

At the sentencing hearing, the State introduced certified copies of four of the defendant's prior convictions. Those convictions were as follows:

(1) January 17, 1958—armed robbery, Will County, paroled April 17, 1959;

(2) February 8, 1967—robbery, Kane County, paroled April 11, 1969;

(3) April 20, 1967—robbery, United States District Court for the Northern District of Illinois, paroled in December, 1974;

(4) June 12, 1967—robbery, Will County, paroled April 11, 1969.

The State introduced the 1958 conviction solely for the purpose of aggravating the sentence and not to trigger the application of the extended term.

We agree with the State that section 5—5—3.2(b)(1) clearly contemplates that the expiration of the 10-year period ceases while the defendant is in custody for an Illinois conviction. The issues raised on appeal in the instant case are (1) whether Federal custody tolls expiration, and (2) whether a Federal conviction may be used to extend the sentence.

■■ Before considering these issues, we first must ascertain when the defendants were convicted of the present robbery. The State argues that, for purposes of extended-term sentencing, the 10-year period should commence from the date of the offense, April 15, 1978. We disagree. Section 5—5—3.2(b)(1) clearly states that the 10-year period begins upon the defendant's conviction. According to the Unified Code of Corrections, a conviction occurs when a judgment is "entered" upon a verdict or finding of guilty. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—5.) A judgment is defined as an adjudication by the court that the defendant is guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—12.) Hence, the date of conviction is the date of entry of the sentencing order. See *People v. Sanders* (1977), 47 Ill. App. 3d 180, 361 N.E.2d 884.

In applying this definition to the case at bar, we find that the defendant was convicted on August 8, 1979, the date of his sentencing disposition and the date of entry of the order in the docket. Thus, the two 1967 Illinois robbery convictions, in and of themselves, do not fall within the 10-year period because the defendant was released from custody on April 11, 1969, more than 10 years before the August 8, 1979, conviction for robbery.

Nevertheless, the State argues that "excluding time spent in custody" should be interpreted as including all time spent in custody for any

offense, not only time spent in custody for Illinois convictions, as the defendant contends.

According to the State, the phrase "excluding time spent in custody" means exactly what it says; the phrase does not limit custody to custody for offenses committed in violation of Illinois laws but, instead, addresses custody in general, including custody by any other sovereign for violation of its laws.

In the case at bar, the State, while conceding that the defendant Robinson had not been convicted of the same or greater class felony within 10 years, contends that because the defendant Robinson was in Federal custody for robbery from April 26, 1967, to December 1974, he had been out of custody for less than five years before committing the present crime. In other words, the 10-year period, while commenced on the entry of the defendant's August 8, 1979, conviction and nominally would have ended on August 8, 1969, should be increased by the time the defendant spent in Federal custody, approximately 5¼ years. Hence, using the State's interpretation, the defendant was convicted in Illinois of the same class of felony (robbery) within a custody-free 10-year period. Alternatively, the State contends that even if the trial court based its application of the extended-term sentence on the defendant's Federal conviction, such a disposition was proper because the Federal conviction was a previous Illinois conviction.

This issue is apparently one of first impression, for the parties can point to no authority interpreting the operation of the 10-year period found in section 5—5—3.2(b)(1). The former extended-term provision, which was repealed by the present section effective February 1, 1978, had no 10-year limitation, custody-free or otherwise. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—2.) Further, we find no contemporaneous legislative comments that permit us to place the section within its legislative context.

The defendant argues that because section 5—5—3.2(b)(1) is a penal statute, it must be strictly construed to include only Illinois State convictions. Our supreme court in *People v. Perkins* (1946), 395 Ill. 553, 558-59, 70 N.E.2d 622, 625, declared:

> "[a] statute authorizing a more severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal and should be strictly construed and not extended in its application to cases which do not, by the strictest construction, come under its provisions."

We should be wary of placing substantial reliance on any canon of statutory interpretation for, as Karl Llewellyn said, many canons were developed on the incorrect premise that only one statutory meaning could exist; hence, there are two opposing canons on almost every point.

(Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to be Construed*, 3 Vand. L. Rev. 395 (1950).) However, the canon stating that penal statutes should be strictly construed against the State is justified on reasonable, independent policies, including: (1) that the lawmaking body owes the duty to its citizens of making unmistakably clear those acts for which life or liberty may be forfeited; (2) strict construction is a useful means of protecting the individual against arbitrary actions by public officials; and (3) since the State makes the laws, the laws are construed adversely to the State. 3 A. Sutherland, Statutes and Statutory Construction §59.03 (4th ed. 1974).

■■ In light of the legislature's 1977 amendments to limit the application of the extended-term provision, we agree that section 5—5—3.2(b)(2) should be strictly construed. In reconciling part of the statute with the whole statute, we give consideration to the circumstance that "excluding the time spent in custody" refers to and may be limited by the preceding phrase "after having been previously convicted in Illinois of the same or greater class felony." Custody may be interpreted to mean a conviction in Illinois. While we apply strict construction to the Act, we cannot reject its precise terms. Notably, the phrase "previously convicted in Illinois" is not necessarily limited to a conviction arising solely in the Illinois State courts, but could reasonably be construed to cover a conviction in Illinois in a Federal court for a Federal offense. In this case, the words "previously convicted in Illinois" clearly describe Robinson's conviction. The words "excluding the time spent in custody" clearly refers to the "custody" time served by Robinson in the case, and therefore operates to extend the 10-year period involved.

■■ There is nothing in the Act disclosing an intention to exclude Federal convictions in Illinois. A strict construction does not require that we adopt a construction contrary to specific terminology. It may also be noted that the Act provides for extended terms for crimes committed in Illinois, an objective supported by giving equal consideration to similar Federal crimes committed in Illinois. Under such determination, the trial court did not err in extending defendant Robinson's robbery sentence.

For the foregoing reasons, we affirm the judgments of the Circuit Court of Will County in all respects other than the order of the court which directed that each defendant reimburse the public defender.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I must respectfully dissent from the majority opinion. I believe that under section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill.

Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)), defendant Robinson was improperly sentenced to a 12-year extended-term sentence. This section reads:

> "(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:
>
> (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; * * *."

I agree with the majority that the statute must be strictly construed. I also agree with the majority that the phrase "after having been previously convicted in Illinois of the same or greater class felony" limits the subsequent phrase "excluding time spent in custody." I differ from the majority, however, in the construction to be accorded the phrases.

I believe the phrase "after having been previously convicted in Illinois of the same or greater class felony" qualifies "excluding time spent in custody" in two ways. First, the time spent in custody must be for a felony of the same or greater class as the felony with which the defendant is presently charged. In other words, time spent in custody for a misdemeanor at a lesser felony would not fall within the statute and therefore would not toll the statute.

Second, the defendant also must have been "convicted in Illinois" for the time spent in custody to be excluded. In contrast to the majority opinion, I believe the words "convicted in Illinois" refer to jurisdiction, not geography. Had the legislature intended time spent in custody for a Federal conviction to be excluded in calculating the 10-year period, it could have explicitly so stated. That the legislature did not so intend is evident. As stated above, for time spent in custody to be excluded, it must be for a felony the same or greater as the felony with which the defendant is presently charged. However, the legislature has presented no method by which it can be determined whether a Federal felony conviction is the same or greater as the State charge. Had the legislature intended to permit convictions in other jurisdictions to toll the statute, it would have provided such a method. Therefore, I believe the words "convicted in Illinois" refer to jurisdiction, i.e., convictions under State law, and do not contemplate convictions under Federal statutes, even if they occur in Illinois.

For these reasons I dissent from that portion of the majority opinion affirming defendant Robinson's sentence.