THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPH V. PHILLIPS, Defendant-Appellant.

Third District   Nos. 3—86—0017, 3—86—0018, 3—86—0085 cons.

Opinion filed December 17, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ralph V. Phillips, pleaded guilty to two charges of unlawful use of weapons (Ill. Rev. Stat. 1985, ch. 38, par. 24—1(a)(4)) and one charge of driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)). The trial court sentenced him to one year of probation on the first weapons conviction, two years of probation on the second weapons conviction, and one year of court supervision on the DUI conviction, all to run concurrently. Following the defendant's conviction for unlawful delivery of a controlled substance, the court revoked his probation and supervision and sentenced him to 180 days' imprisonment for the first weapons conviction, 3 years' imprisonment for the second weapons conviction, and 180 days' imprisonment for the DUI conviction. The defendant appeals.

On January 28, 1984, the defendant was arrested for unlawful use of a weapon. On June 11, 1984, the defendant was again arrested for unlawful use of a weapon. On November 11, 1984, the defendant pleaded guilty to both offenses. He was sentenced to probation for each conviction.

On May 8, 1985, the State filed a petition to revoke probation on the two weapons convictions and the DUI supervision, alleging, *inter alia,* that the defendant had violated his probation by committing the offense of unlawful delivery of a controlled substance. The court subsequently revoked the defendant's probation on the weapons convictions and his DUI supervision and entered the aforementioned sentences. The court further ordered the defendant to pay the county $120 as reimbursement for the cost of his court-appointed counsel.

■ The defendant first argues on appeal that the trial court erred in enhancing his second weapons conviction to a Class 4 felony.

A person convicted of a violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 24—1(a)(4)), commits a Class A misdemeanor. A person convicted of a second or subsequent violation of section 24—1(a)(4) commits a Class 4 felony. Ill. Rev. Stat. 1985, ch. 38, par. 24—1(b).

Enhanced-penalty statutes are enacted as a warning to a first offender of the consequences of a second conviction; it cannot legally be known that an offense has been committed until there has been a conviction. (*People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214.) An enhanced penalty should not be imposed until the offender has had the opportunity to reform after being punished for

his first conviction. 56 Ill. App. 3d 689, 371 N.E.2d 1214.

■■ In the instant case, the defendant committed both weapons offenses before being convicted of either one. He did not have an opportunity to reform after being punished. Accordingly, the trial court erred in enhancing the second conviction to a Class 4 felony. Pursuant to our authority under Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)), we therefore reduce the defendant's three-year sentence to 180 days' imprisonment.

Our decision renders moot the defendant's second argument regarding ineffective assistance of counsel at the trial level.

Third, the defendant argues on appeal that if we reverse his conviction for unlawful delivery of a controlled substance, we must vacate the order revoking his probation.

In the interim between the defendant's filing his instant brief and our issuing the instant decision, we affirmed his conviction for unlawful delivery. (*People v. Phillips* (3d Dist. Oct. 14, 1986), No. 3—85—0710 (Rule 23 order).) His argument is therefore rendered moot.

■■ Fourth, the defendant argues on appeal that the trial court erred by failing to consider as a mitigating factor that imprisonment would endanger his medical condition.

At the time of the sentencing hearing, the defendant was 60 years old, had suffered a heart attack approximately three years earlier, continued to have heart trouble, and suffered from emphysema and angina. The defendant bases his argument upon the court's failure to list his health as a mitigating factor.

At the sentencing hearing, the defendant testified at length about his health. The presentence investigation report also contained a synopsis of his medical condition. In entering judgment, the trial judge stated that he had considered all of the evidence offered at the sentencing hearing and the presentence investigation report.

The Unified Code of Corrections provides that in entering sentence the court should consider the defendant's health as a mitigating factor where "the imprisonment of the defendant would endanger his or her medical condition." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(12).) The trial court's sentencing decision will not be disturbed on review absent an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

In the instant case, the record shows that the trial court heard the evidence regarding the defendant's health. Nowhere in the record is there any evidence that imprisonment would endanger the defendant's medical condition. Accordingly, we find that the trial

court did not abuse its discretion in determining that the defendant's health was not a mitigating factor.

■■ ■ Fifth, the defendant argues that the trial court abused its discretion by ordering him to reimburse the county for the $120 cost of his court-appointed attorney.

The evidence in the record tends to show that the defendant had a monthly income of approximately $358; his wife earned $716 per month; he had no savings; he had debts of over $12,000; and he had filed for bankruptcy in June of 1985. In ordering the defendant to reimburse the county, the judge stated that he felt the defendant had "the ability to come up with whatever money is required."

The trial court may order the defendant to reimburse the county for court-appointed counsel only where the defendant's ability to pay is reasonably foreseeable. *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143.

Given the lack of evidence in the record showing that the defendant has the ability to pay the $120 reimbursement, we cannot affirm the trial judge's speculation that the defendant could come up with the money. Accordingly, pursuant to Supreme Court Rule 615(b) (87 Ill. 2d R. 615(b)), we vacate the trial court's reimbursement order.

The judgment of the circuit court of McDonough County is modified to sentence the defendant to 180 days' imprisonment on each weapons conviction. The provision ordering the defendant to reimburse the county for $120 in attorney fees is vacated. The judgment is otherwise affirmed.

Affirmed as modified.

SCOTT, P.J., and HEIPLE, J., concur.