People of the State of Illinois, Defendant in Error, v. Fred Klemick, Plaintiff in Error.

Gen. No. 9,276.

Heard in this court at the January term, 1941. Opinion filed April 14, 1941. Rehearing denied October 17, 1941.

LYNN S. CORBLY and ROY R. CLINE, both of Champaign, for plaintiff in error.

WILLIAM L. SPRINGER, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

The plaintiff in error, Fred Klemick, herein called the defendant, was indicted at the September term, 1939, of the circuit court of Champaign county, for the offense of keeping a common gaming house, at 113, 113½, 115 and 115½ North Market street, in the city of Champaign, Illinois. The indictment was returned on November 2, 1939, and consisted of three counts all alleging substantially the same offense.

Upon motion of the State the cause was certified to the county court of Champaign county for trial. Upon arraignment, the defendant pleaded not guilty. The case came on for trial on the 17th day of June 1940, at which time the State's Attorney asked and was given leave to file an information charging the offense of keeping a common gaming house, and also charging a prior conviction. Upon the further motion of the State the two cases, that is, the indictment and the information, as amended to charge a second offense, were consolidated for trial over the objection of the defendant. As a result of a trial by jury, the defendant was found guilty of keeping a common gaming house as charged in the first, second and third counts of the indictment filed in the county court on the 26th day of January 1940, and also found guilty as charged in the information filed on the 18th day of June 1940. The judgment of the court on the verdict found the defendant to be guilty of a second offense of keeping a common gaming house and fined him $500, and costs and sentenced him to the Illinois State Farm at Vandalia for one year.

The case is brought to this court by writ of error seeking to reverse such judgment.

It is insisted very earnestly on the part of the defendant that the court erred in permitting the amendment charging second offense to be made and in consolidating the indictment and the amended information for trial; that the amendment filed to the information was equivalent to amending an indictment and that the defendant was thereby .compelled to go to trial on two causes of action at the same time.

We do not find that this exact question has been passed upon by our courts. It has been definitely held by the Supreme Court of Illinois, that an indictment returned by a grand jury cannot be amended. *Gannon v. People,* 127 Ill. 507; *Patrick v. People,* 132 Ill. 529. It has just as positively been held that in matters of

amendment, the information stands on entirely different grounds from an indictment, and may be amended to any extent which the judge admits to be consistent with the orderly conduct of judicial business with the public interest and with private rights. *Long v. People,* 135 Ill. 435, 441; *People v. Fensky,* 297 Ill. 440. In *People v. Jacobson,* 247 Ill. 394, where a defendant went to trial without objection on an original and an amended information the court said on page 398, ''Each information charged a violation of the same section of the Statute, which was a misdemeanor. Each offense was of the same grade and subjected the offender to the same punishment. The charge of two different misdemeanors of the same nature may be embraced in separate counts of the same information. In the case of misdemeanors the joinder of several offenses of the same character will not, in general, vitiate in any stage of the prosecution.''

In the present case we feel that it was perfectly proper for the court to consolidate the indictment and the original information, both of which charged a violation of the same section of the statute, covered offenses of the same grade and subjected the offender to the same punishment, but when the amendment was made charging a second offense or a prior conviction, the defendant was immediately subjected to much more severe punishment on conviction than could have been imposed upon him under the indictment. Par. 325, ch. 38, Ill. Rev. Stat. (State Bar Ed.) [Jones Ill. Stats. Ann. 37.255], provides that whoever keeps a common gaming house shall upon conviction, for the first offense, be fined not less than $100, and for the second offense be fined not less than $500, and be confined in the county jail not less than 6 months. Compelling the defendant to go to trial on the indictment and on the amended information at the same time was, we believe, a violation of his right to a fair and impartial trial upon the indictment.

The first conviction upon which the State relies resulted from an indictment charging defendant with keeping a common gaming house, returned by the grand jury on April 12, 1939. After trial, a verdict of guilty and the overruling of a motion for a new trial, judgment was entered upon the verdict on the 10th day of November 1939. During the pendency of those proceedings, the indictment in this case charging the same offense was returned on the 2nd day of November 1939. On the trial all the evidence presented by the state consisted of exhibits taken and facts occurring prior to November 10, 1939. It is the contention of the defendant that evidence of a second offense must necessarily be confined to acts committed subsequent to the date of the first conviction.

The decisions of the various States do not appear to be uniform on this question, some holding that the word ''offense'' within a statute providing additional punishment for second offense takes place when the criminal act is committed, irrespective of time of conviction, so long as the conviction occurs before return of indictment charging second offense. *State v. McCormick*, 104 N. J. L. 288, 140 Atl. 297. Other States hold that one is not subject to the penalty imposed by statute for a second offense for an act committed after a verdict had been returned against him for the first offense but before sentence thereon. *Commonwealth v. McDermott*, 224 Pa. 363, 73 Atl. 427.

We are inclined to the opinion that section 325 of our statute above referred to more properly falls within the latter rule. In the New Jersey case the acts charged were separate and distinct violations against the prohibition laws. In the present case it is for keeping a common gaming house. The words ''upon conviction'' just prior to the fixing of penalties for first and second offenses, in our statute, do not appear to warrant the cumulation of a number of cases occurring on successive days but contemplates

increased punishment for a person, who, after conviction, does not reform, but persists in committing other offenses of a similar character. It is our judgment that the court improperly admitted evidence in this case of violations occurring prior to the date of the first conviction on November 10, 1939.

This appears to have been the procedure followed in the case of *People v. Lawrence,* 314 Ill. 292.

Many other errors have been assigned and briefed by defendant, but the two problems discussed in this opinion are the most serious ones and present somewhat new and novel questions under the practice in Illinois.

Because we believe that the irregularities set forth herein deprived the defendant of that fair and impartial trial awarded to all defendants charged with crime, the sentence and judgment of the county court of Champaign county, is hereby reversed.

*Reversed.*