THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL LECKNER, Defendant-Appellant.

Fourth District   No. 4—86—0182

Opinion filed November 7, 1986.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Hugh Finson, State's Attorney, of Monticello (Cliff Langenfeld, Assistant State's Attorney, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

Following a bench trial on stipulated evidence, the Piatt County circuit court found defendant guilty of five counts of felony deceptive practice in cause No. 85CF51. Each count of the information in No. 85CF51 alleged that defendant was guilty of a felony because he had previously been convicted of deceptive practice on October 8, 1985, in cause No. 85CF35. The events leading to prosecution in cause No. 85CF51 occurred from September 26 through September 29, 1985.

Defendant filed a motion before the trial court seeking to dismiss the information in No. 85CF51, noting that the events leading to each of the five felony counts occurred prior to his conviction in cause No. 85CF35. Because defendant had not been convicted of deceptive practice at the time he wrote the checks at issue in cause No. 85CF51, the motion stated, the information failed to state an offense by the defendant. The circuit court denied defendant's motion. After querying defendant regarding his understanding of the right to jury trial, the court heard the evidence as stipulated by the parties. The defendant presented no factual defense at trial, but reasserted the conten-

tion raised in his motion to dismiss.

On appeal, defendant again argues that he could not be prosecuted for felony deceptive practice under the recidivist provision unless the actions leading to the felony prosecution took place following conviction for the offense which enhanced No. 85CF51 to a felony. Alternatively, defendant contends that the proceeding at the trial court was tantamount to a guilty plea, thus the circuit court erred in failing to admonish defendant pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402).

Section 17—1(B)(d) of the Criminal Code of 1961 provides that a person commits a deceptive practice when:

> "(d) With intent to obtain control over property or to pay for property *** of another, *** he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository." (Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d).)

The statute then provides for penalties, stating that the offense is a Class A misdemeanor. However, the statute adds, "[a] person convicted of a deceptive practice in violation of paragraph (d) a second or subsequent time shall be guilty of a Class 4 felony." Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(3).

■■ ■ When proof of a previous conviction for an offense will change a future violation of the law from a misdemeanor to a felony, the underlying conviction is an element of the felony offense. (See *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795; *People v. Rice* (1985), 137 Ill. App. 3d 285, 484 N.E.2d 514.) Because a previous conviction for deceptive practice is an element of felony deceptive practice, the underlying conviction must exist at the time the actions constituting a second offense take place. A "crime" occurs only when certain acts or a series of acts coincide with the requisite mental state. (*People v. Taylor* (1979), 68 Ill. App. 3d 680, 386 N.E.2d 159.) Thus, the State may not enhance a crime from misdemeanor to felony status because of a conviction which arises after the occurrence of the actions which constitute the charged offense.

Our conclusion is buttressed by a number of Illinois cases arising in various contexts which interpret enhancement provisions similar to the one at issue in the present case. (*People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214 (interpreting the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408)); *People v. Klemick* (1941), 311 Ill. App. 508, 36 N.E.2d 846 (interpreting gambling prohibition (Ill. Rev. Stat. 1939, ch. 38, par. 325)); see also *People v. Carlock* (1981), 102 Ill. App. 3d 1100, 430 N.E.2d 212 (inter-

preting Ill. Rev. Stat. 1979, ch. 38, par. 11—20).) In each of these cases, the court determined that a conviction used to enhance the seriousness of a later offense must precede the conduct which constitutes the second (felony) offense.

The *Phillips* case (*People v. Phillips* (1978), 56 Ill. App. 3d 689, 371 N.E.2d 1214) is particularly instructive. In *Phillips*, the defendant pleaded guilty to two separate violations of the Illinois Controlled Substance Act. The State prosecuted each offense as a separate cause, and the trial court imposed sentence in each cause at separate hearings. The defendant had entered his guilty plea in each cause on the same day at different hearings, separated only by a five-minute recess. Although the trial court sentenced the *Phillips* defendant to a term within the normally permitted range on the first offense, the court imposed an enhanced sentence in the second cause. This enhanced sentence was based upon the fact that defendant had a prior conviction for the offense—the crime to which he had pleaded guilty five minutes before the second case was heard.

The enhancement provision at issue in *Phillips*, read literally, permitted the enhanced sentence which the trial court imposed. (Ill. Rev. Stat. 1975, ch. 56½, par. 1408.) In rejecting the interpretation adopted by the trial court, the appellate court first noted that all enhancement provisions are highly penal and must be strictly construed in favor of the accused. Further, the *Phillips* court determined that an enhancement statute generally seeks to increase the punishment of an offender who has been convicted of an offense and has failed to reform, rather than increasing punishment for one who commits a series of offenses. Since the statute is designed to warn first offenders that future violations will receive greater punishment, the law must recognize that the original offense exists before it can increase punishment based upon the offender's refusal to heed the law's warning. Accord, *People v. Klemick* (1941), 311 Ill. App. 508, 36 N.E.2d 846.

■ A previous conviction for deceptive practice is an element of the felony deceptive practice offense with which defendant was charged. Moreover, the nature of the enhancement provision at issue requires that an offender such as the present defendant receive warning in the form of a conviction before his earlier actions can enhance future offenses to felony status. Accordingly, defendant could not properly be convicted of felony deceptive practice pursuant to section 17—1(B)(d). Nevertheless, defendant has stipulated to facts which constitute misdemeanor deceptive practice. We therefore reverse the defendant's convictions for felony deceptive practice in cause No. 85CF51 and remand to the circuit court with directions to enter judg-

ment for misdemeanor deceptive practice and to resentence defendant on that basis.

Since our disposition of this case results in defendant remaining convicted of misdemeanor deceptive practices, we find it necessary to briefly address defendant's contention that his trial on stipulated evidence was tantamount to a guilty plea, requiring the court to admonish him pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402).

■■ When a stipulated trial is tantamount to a guilty plea, the trial court must admonish the defendant of the consequences of trial as though the proceeding were formally that of a guilty plea. (*People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.) However, a stipulated bench trial is not tantamount to a guilty plea where a defense, factual or legal, is presented. *People v. Sampson* (1985), 130 Ill. App. 3d 438, 473 N.E.2d 1002; *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865.

■■ Accepting the defendant's argument would, on the one hand, permit him to evade the waiver inherent in a guilty plea. On the other hand, defendant, if unsuccessful on appeal, could claim that he actually had waived all defenses and should have the opportunity to replead because not admonished pursuant to Supreme Court Rule 402. The defendant cannot now claim error because his defense has not proved entirely successful. Defendant has preserved a valid legal defense to felony deceptive practice and did not take part in a proceeding tantamount to a guilty plea. Accordingly, the trial court was not required to admonish defendant pursuant to Supreme Court Rule 402.

The defendant's convictions for felony deceptive practice in cause No. 85CF51 are reversed. The cause is remanded so that the circuit court may enter judgment for the misdemeanor deceptive practices shown by the evidence and impose an appropriate sentence upon defendant.

Reversed and remanded with directions.

McCULLOUGH, P.J., and WEBBER, J., concur.