THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES THURMAN JOHNSON, Defendant-Appellant.

Fourth District   No. 4—88—0185

Opinion filed September 22, 1988.

Daniel D. Yuhas and Gloria A. Carroll, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On October 22, 1987, defendant James Thurman Johnson was charged by information in the circuit court of Macon County with the offense of "unlawful possession of hypodermic syringe or needle with a prior unlawful possession of hypodermic syringe or needle conviction" (Ill. Rev. Stat. 1987, ch. 38, par. 22—50).

Defendant was tried *in absentia* by a jury on January 25, 1988. Prior to trial, defense counsel made a motion *in limine* to bar evidence of the defendant's prior conviction for unlawful possession of a hypodermic syringe. A hearing was held and the defense argued that the prior conviction was not an element of the offense but only a factor in sentencing. After hearing argument, the trial court denied the motion and the trial commenced. In reading the statement of the nature of the case and the allegations contained in the information to the jury, the trial court twice mentioned the defendant's prior conviction. Then during opening statements, the State asserted that it would present a certified copy of the defendant's 1982 conviction for unlawful possession of a hypodermic syringe.

In its case in chief, the State called Yvonne Stuart, an emergency room orthopedic technician at St Mary's Hospital in Decatur, Illinois. Stuart testified that the defendant was admitted to the emergency room on August 29, 1987, with a large laceration on his neck and a small laceration behind his ear. The defendant was bleeding "profusely," was crying, and was very upset, confused, and hostile toward the nurses and doctors. It became necessary for the emergency room staff to remove the defendant's clothing in order to pre-

pare him for emergency surgery. As Stuart removed the defendant's pants, she observed the top of a hypodermic syringe "sticking out" of his pants pocket. Stuart removed the syringe and gave it to another emergency room nurse. Stuart identified the defendant from a photograph and identified the syringe and needle in court.

Over defense counsel's objection on grounds of relevance, Stuart was allowed to testify that she observed several scarred areas on the defendant's arms which she referred to as "track marks." Also over defense counsel's objection to Stuart's competence to render an opinion, Stuart was permitted to state what she meant by the term "track mark." She indicated that "track marks is a slang term used which means that the patient has been *** a user." When asked by the prosecutor if she meant a user of a hypodermic syringe or needle, Stuart responded: "Yes." Stuart also testified that she had seen the defendant on prior occasions during her employment at the hospital and that to her knowledge he did not have diabetes or any other medical condition that would require the lawful use of a hypodermic syringe.

The chain of evidence allowing the admission of the hypodermic syringe was established by two nurses and a police officer. Over defense counsel's objection, a certified copy of the judgment of conviction of a James T. Johnson, convicted in 1982 of the offense of unlawful possession of a hypodermic syringe (People's exhibit No. 3), was admitted into evidence. Prior to the closing of the State's case, the trial court informed the jury of the contents of this exhibit as follows:

> "Exhibit No. 3 is a matter of a record that was presented in Cause No. 82—CF—474, People versus James T. Johnson, wherein the defendant, James T. Johnson, on December 9, 1982, in the Circuit Court of Macon County, was convicted *** of the offense of unlawful possession of a hypodermic syringe or needle. On October 20, 1982, James T. Johnson stated in open court that his age was twenty-seven years at that time. That means we have completed the People's evidence."

In the State's closing argument, the prosecutor argued over defense objection that the defendant had track marks on his arms. The prosecutor further argued that "track marks" are made by injecting one's self with a hypodermic syringe and needle and stated, "obviously you can draw the inferences from that that he knowingly possessed the hypodermic syringe that was found in his pocket." The prosecution also argued over defense objection:

> "The question is, whether he possessed that hypodermic sy-

ringe or needle or did he not possess it. I submit to you the evidence is uncontradicted, undisputed that, in fact, he did, and that he has a prior conviction for a like offense, unlawful possession of a hypodermic syringe or needle. So, I'd ask you, please, to use your common sense."

During the jury instruction conference, defense counsel objected to any instructions which mentioned the defendant's prior conviction. This objection was overruled, and the trial court instructed the jury that an element of the offense was that the defendant had been previously convicted of unlawful possession of a hypodermic syringe or needle. Following deliberations, the jury found the defendant guilty of unlawful possession of hypodermic syringe or needle with a prior conviction for unlawful possession of a hypodermic syringe or needle. The trial court then entered judgment on the verdict.

On February 10, 1988, the defense filed a post-trial motion alleging, *inter alia*, that the trial court erred in admitting evidence of defendant's prior conviction and in allowing testimony as to the "track marks" on his arms. A hearing was held that same day and the defendant failed to appear. After hearing argument, the trial court denied the motion. A sentencing hearing immediately followed, after which the defendant was sentenced to a term of three years' incarceration in the Illinois Department of Corrections, with credit for time served. This appeal followed.

Defendant's first contention is that his prior conviction was not an element of the charged offense, but rather was a matter to be considered only in sentencing and therefore his conviction must be reversed. We disagree.

■ The defendant was charged with unlawful possession of a hypodermic syringe with a prior unlawful possession of a hypodermic syringe conviction. (Ill. Rev. Stat. 1987, ch. 38, pars. 22—50, 22—53.) At trial, the State introduced evidence of defendant's prior conviction in order to change the nature of the charged offense from a misdemeanor to a felony pursuant to the provisions of section 4 of "An Act to regulate the possession, delivery, sale or exchange of hypodermic syringes ***" (Ill. Rev. Stat. 1987, ch. 38, par. 22—53). The introduction of the prior conviction at trial was proper as it was an element of the felony offense and had to be proved prior to a finding of guilt or innocence. Relying upon our supreme court's decision in *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795, we have held that when proof of a previous conviction for an offense will change a future violation of the law from a misdemeanor to a felony, the underlying conviction is an element of the felony offense. *People*

*v. Leckner* (1986), 149 Ill. App. 3d 314, 500 N.E.2d 721; *People v. Rice* (1985), 137 Ill. App. 3d 285, 484 N.E.2d 514.

The defendant argues that the supreme court's decision in *Palmer* should not apply to this case but should be limited to interpreting unlawful use of weapons cases. This argument lacks merit. It is true that *Palmer* involved the offense of unlawful use of weapons; however, Illinois courts have applied the rule in Palmer to a number of other offenses. (See *People v. Hicks* (1987), 119 Ill. 2d 29, 518 N.E.2d 148 (theft); *People v. Leckner* (1986), 149 Ill. App. 3d 314, 500 N.E.2d 721 (deceptive practices); *People v. Smith* (1987), 162 Ill. App. 3d 739, 516 N.E.2d 335 (driving while license was revoked).) We believe the rule in *Palmer* applies in the instant case as well and the defendant has offered no principled reason why it should not.

Therefore, we follow *Palmer* in holding that a prior conviction for unlawful possession of a hypodermic syringe is an element of the offense of unlawful possession of a hypodermic syringe when the nature of that offense has been changed from a misdemeanor to a felony due to a prior conviction. Furthermore, the previous conviction must be proved before the trier of fact prior to a finding of guilt or innocence. Consequently, the trial court in the case at bar did not err in allowing the State to present evidence of defendant's prior conviction to the jury as an element of the charged offense.

In so holding, we are unpersuaded by the defendant's contention that the amendment to the theft statute mandates a contrary result. This amendment, effective January 1, 1988 (Pub. Act 85—691 (1987 Ill. Laws 2895, 2897-98)), has been interpreted by the supreme court as changing the law relating to theft "to provide that a prior conviction must be alleged in the information or indictment but the prior conviction will not be considered an element of the offense of felony theft and therefore may not be disclosed to the jury during trial." (*People v. Hicks* (1987), 119 Ill. 2d 29, 34, 518 N.E.2d 148, 150.) However, no such change has been made in the statutes relating to unlawful possession of a hypodermic syringe. Accordingly, *Palmer* and the other cases discussed above control here.

The defendant's remaining contention is that the trial court committed reversible error in allowing the State, over defense counsel's objections, to elicit testimony from a prosecution witness concerning her observations of the defendant's "track marks" and the meaning of that term. The defendant argues that this testimony concerned unrelated criminal activity and was therefore inadmissible. The State contends that this evidence was proffered to establish the defendant's requisite knowledge of his possession of the syringe and to dis-

pel the argument that the syringe was placed on the person of the defendant by someone else.

■ Generally, evidence of other crimes is inadmissible if relevant merely to establish the defendant's propensity to commit crime. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821, *cert. denied* (1983), 464 U.S. 844, 78 L. Ed. 2d 136, 104 S. Ct. 145; *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) Such evidence is admissible, however, when it is relevant to prove *modus operandi*, intent, identity, motive, or absence of mistake. (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200.) Moreover, the supreme court has held that evidence of other offenses is admissible if it is relevant for any purpose other than to show the propensity to commit crime. *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.

■ In order to sustain a conviction for unlawful possession of a hypodermic syringe (Ill. Rev. Stat. 1987, ch. 38, par. 22—50), the State must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the syringe and was in immediate and exclusive control of it. (*People v. Washington* (1974), 17 Ill. App. 3d 383, 308 N.E.2d 339; *People v. Bolden* (1968), 96 Ill. App. 2d 129, 237 N.E.2d 748.) In the instant case, the evidence concerning the "track marks" on the defendant's arms was properly admitted to show the defendant had knowledge of the presence of the syringe. It was also relevant to show that he did not have a medical condition or legitimate reason for his possession of the syringe.

For all of the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.