Docket No. 104852.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LEONARD JAMISON, Appellant.

*Opinion filed May 22, 2008.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

The defendant, Leonard Jamison, was convicted of burglary in the circuit court of Cook County. Defendant was subsequently sentenced to six years' imprisonment. In a separate order, various "costs and fees" were assessed totaling $549, among them a $20 penalty imposed pursuant section 10(c)(2) of the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10(c)(2) (West 2004)) and a $4 penalty imposed pursuant to section 5–9–1(c–9) of the Unified Code of Corrections (730 ILCS 5/5–9–1(c–9) (West 2004)). Defendant appealed, arguing, *inter alia*, that (1) the circuit court erred in failing to award him $5-per-day presentence credit toward the $4 penalty assessed against him; and (2) the circuit court's imposition of the $20 penalty under the Act was erroneous because the circuit court also

imposed the $4 fine pursuant to section 5–9–1(c–9) of the Code of Corrections, and the former provision is applicable only when "no other fine is imposed." See 725 ILCS 240/10(c)(2) (West 2004). The appellate court granted defendant the sentence credit he requested, but it rejected his second argument, holding as follows:

> "[T]he plain language of the statute provides that the $4 assessment is an amount to be surcharged as an additional penalty; it is considered after the imposition of any basic fines provided for by other legislation. Accordingly, in the present case, after the imposition of the $20 fine, an additional penalty of $4 was surcharged and did not reduce or affect the distribution of the $20 fine. Therefore, the circuit court properly assessed both the $20 fine and the $4 additional penalty." (Emphasis omitted.) *People v. Jamison*, 365 Ill. App. 3d 778, 780-81 (2006).

Defendant filed a petition for leave to appeal to this court, and that petition was pending when this court filed its opinion in *People v. Jones*, 223 Ill. 2d 569 (2006) (holding that the $4 penalty of section 5–9–1(c–9) was a "fine" for purposes of presentence incarceration credit). Pursuant to our supervisory authority, we directed the appellate court to vacate its judgment in *Jamison* and reconsider that judgment in light of *Jones*. *People v. Jamison*, 223 Ill. 2d 656 (2007) (supervisory order). The appellate court reconsidered, reaching the same result (373 Ill. App. 3d 902), and we granted defendant's ensuing petition for leave to appeal (210 Ill. 2d R. 315). We now reverse, in part, the judgment of the appellate court.


STATUTES INVOLVED

Section 10 of the Act provides in pertinent part:

> "(b) On and after September 18, 1986, there shall be an additional penalty collected from each defendant upon conviction of any felony *** an additional penalty of $4 for each $40, or fraction thereof, of fine imposed. Such additional amounts shall be collected by the Clerk of the Circuit Court in addition to the fine and costs in the case. Each such additional penalty collected under this subsection (b) or subsection (c) of this Section shall be remitted by the Clerk of

-2-

the Circuit Court within one month after receipt to the State Treasurer for deposit into the Violent Crime Victims Assistance Fund, except as provided in subsection (g) of this Section. Such additional penalty shall not be considered a part of the fine for purposes of any reduction made in the fine for time served either before or after sentencing. ***

(c) When any person is convicted in Illinois on or after August 28, 1986, of an offense listed below, *** and no other fine is imposed, the following penalty shall be collected by the Circuit Court Clerk:

(1) $25, for any crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act; and

(2) $20, for any other felony or misdemeanor, excluding any conservation offense." 725 ILCS 240/10(b), (c)(2) (West 2004).

Effective June 20, 2003, through August 22, 2005, section 5–9–1(c–9) of the Code of Corrections provided:

"(c–9) There shall be added to every fine imposed in sentencing for a criminal or traffic offense *** an additional penalty of $4 imposed. *** Such additional penalty of $4 shall be assessed by the court imposing the fine and shall be collected by the circuit clerk in addition to any other fine, costs, fees, and penalties in the case. *** The additional penalty of $4 shall be in addition to any other fine, costs, fees and penalties and shall not reduce or affect the distribution of any other fine, costs, fees, and penalties." 730 ILCS 5/5–9–1(c–9) (West 2004).


ANALYSIS

The matter before us involves an issue of statutory interpretation, and our review is thus *de novo. People v. Taylor*, 221 Ill. 2d 157, 162 (2006). The cardinal rule of statutory construction–the rule to which all other rules are subordinate–is to ascertain and give effect to the legislature's intent. *Jones*, 223 Ill. 2d at 580; *In re Detention of Powell*, 217 Ill. 2d 123, 135 (2005). The best indicator of legislative intent is the statutory language, given its plain and ordinary meaning.

*In re R.L.S.*, 218 Ill. 2d 428, 433 (2006).

As he argued in the appellate court, defendant contends that the circuit court's imposition of a $20 penalty under section 10(c)(2) of the Act was erroneous because the circuit court also imposed a $4 fine pursuant to section 5–9–1(c–9) of the Code of Corrections, and the former provision is applicable only when "no other fine is imposed." See 725 ILCS 240/10(c)(2) (West 2004). Defendant notes that this court, in *Jones*, held that the $4 penalty assessed under section 5–9–1(c–9) of the Code of Corrections was in fact a "fine" for purposes of applying presentence incarceration credit under section 110–14(a) of the Code of Criminal Procedure. See *Jones*, 223 Ill. 2d at 580-87. He argues, since another "fine" was imposed in this case, section 10(c)(2) of the Act cannot, by its exclusive terms, apply. Defendant submits that the legislature has provided a comprehensive scheme for the imposition of violent crime victim assistance fines: section 10(b) of the Act applies in instances, such as this, when another fine is imposed; section 10(c) applies when "no other fine is imposed."

The State initially contends that defendant has forfeited the right to argue the applicability of section 10(b) of the Act because he heretofore failed to specifically raise that point; he argued only that section10(c) was *not* applicable. On the merits, using the term "surcharge" instead of the statutory term "penalty," the State argues that the $4 penalty of section 5–9–1(c–9), "by its very language, is imposed above and beyond any other fine assessed by the court." The State observes that section 5–9–1(c–9) explicitly provided that the imposition of the $4 penalty "shall not reduce or affect the distribution of any other fine, costs, fees, or penalties." Noting the legislature's repeated use of the phrases "additional penalty" and "added to" when describing the $4 penalty and its relation to other "fine[s], costs, fees, and penalties," the State argues that *this* fine should be added onto or imposed after other fines, which the State terms "primary fines," a phrase that does not appear in either of the statutes at issue. The State would apparently consider the violent crime victims assistance fines "primary" or "basic" fines. The State suggests that interpreting the violent crime victims assistance provisions as a comprehensive scheme–with section 10(b) applying when other fines are imposed, and section 10(c) applying when "no

other fine is imposed"–would effectively render section 10(c)(2) meaningless and superfluous, "because the imposition of the $4 surcharge would serve to preclude the imposition of the $20 [violent crime victims assistance] charge."

At the outset, we will clarify the issue before this court. The question before us is not whether the $4 penalty of section 5–9–1(c–9) applies "in addition to" a penalty under section 10 of the Act–it clearly does. Rather, the issue is whether the $20 violent crime victims assistance penalty, which by its terms applies only when "no other fine is imposed," was properly assessed in conjunction with the $4 fine. We hold it was not.

In *Jones*, this court observed that "the plain language of section 5–9–1(c–9) strongly suggests that the charge ought to be considered to be in the nature of a fine ***. The statute repeatedly refers to the charge as a 'penalty,' which connotes a fine." *Jones*, 223 Ill. 2d at 583. We ultimately held that the $4 penalty of section 5–9–1(c–9) was in fact a "fine." *Jones*, 223 Ill. 2d at 580-87.

We are not inclined to give a definition to the term "penalty," as used in section 5–9–1(c–9), that differs depending upon context. If, as we held in *Jones*, the term "penalty" connotes a "fine" for purposes of the application of presentence-incarceration credit under section 110–14 of the Criminal Code, then it should be a "fine" when we consider its interface with section 10 of the Act. There is no basis for assigning a different meaning in this context. Having determined that the "penalty" of section 5–9–1(c–9) was in fact a "fine," it is clear that section 10(b) was the operative provision for purposes of calculating the appropriate violent crime victims assistance penalty, as it, rather than section 10(c), applied when a "fine" was imposed under some other statutory provision.

We would note that the analysis this court employed in *Jones* is equally applicable to the legislature's use of the term "penalty" in section 10 of the Act. Section 10(b) of the Act speaks of an "additional penalty" to be collected, one "in addition" to other "fine[s] and costs of the case." Section 10(c) of the Act provides for a "penalty" to be collected when "no other fine is imposed." 725 ILCS 240/10(b), (c) (West 2004). Under the reasoning of *Jones*, the "penalties" referenced in section 10 of the Act are also "fines," and the fine of subsection (b), like that of section 5–9–1(c–9), is supposed

to be imposed "in addition to" other fines and costs in the case.

The State argues that the penalty in section 5–9–1(c–9) should be regarded as a charge "above and beyond any other fine," pointing to section 5–9–1(c–9)'s use of the phrases "additional penalty" and "added to"when describing the relationship of that fine to other "fines, costs, fees, and penalties." However, the legislature used essentially the same language when describing section 10(b)'s relationship to other "fine[s] and costs in the case." Since each statute contains "additional penalty" language, it seems a reasonable inference that the legislature intended a fine under each to be imposed. It is unclear how each fine could be imposed "in addition" to the other in a temporal sense, which is the sense the State seems to urge upon appeal. If we were called upon to decide which fine was to be imposed after the other, we could easily find ourselves entangled in a circular "chicken and egg" analysis, unable to determine which fine applies first or where the analysis begins. Fortunately, that semantic conundrum is never reached in this instance. The fine established in section 5–9–1(c–9) could be imposed without reference to whether any other fine, costs, fees or penalties applied, but the same is not true of a fine imposed under section 10 of the Act. In order to calculate the amount of a violent crime victims assistance fine, one first has to determine which subsection of section 10 applies, and that cannot be accomplished without first determining whether a fine has been imposed under another statutory provision.

Section 10(b) of the Act specifically addresses an instance where another fine is imposed; section 10(c) clearly applies when "no other fine" is assessed. The two subsections, read together, are comprehensive. Notwithstanding the State's forfeiture argument, this court is at liberty to make that observation whether or not defendant argues the point. We have been asked to determine whether a fine was properly assessed under section 10(c) of the Act. In the course of that endeavor, this court must consider the entire statute and interpret relevant provisions together. *People v. Pierce*, 226 Ill. 2d 470, 476 (2007). Subsections (b) and (c) of section 10 were obviously intended to cover any situation that might arise. In this instance, where another "fine" was imposed under section 5–9–1(c–9) of the Code of Corrections, section 10(b) is the applicable provision for determining the violent crime victims assistance fine.

The fact that the legislature chose to establish a bifurcated system for purposes of determining which of two violent crime victims assistance penalty provisions applied does not mean that the imposition of the $4 fine under section 5–9–1(c–9) "reduce[d] or affect[ed]" the distribution of the violent crime victims assistance penalty. In our view, the assessment of a fine under some other statutory provision merely establishes which of two violent crime victims assistance penalty provisions is used to calculate the fine under the Act.

Moreover, simply because section 10(c)(2) did not apply in this case, it does not necessarily follow that subsection (c)(2) would have *never* applied. Thus, our interpretation of the statute does not render subsection (c)(2) a nullity. There may well have been instances when the $4 fine was not assessed and subsection (c)(2) would then have applied. Though the statute provided that the $4 penalty "shall" be added to every fine imposed in sentencing, suggesting that its imposition was mandatory, the use of the term "shall" is not always determinative. See *People v. Davis*, 93 Ill. 2d 155, 162 (1982); *People v. Youngbey*, 82 Ill. 2d 556, 562 (1980). We are not called upon to address that issue here, as the parties do not argue that specific point.

Having found that section 10(c)(2) does not apply, and that section 10(b) does, we must determine the appropriate amount to be assessed under the latter subsection. In their briefs, and in oral argument, the parties assume that subsection (b) of the Act requires an assessment of 10% of any other fine imposed. The statutory language does not support that assumption. Section 10(b) provides for "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2004). The statute does not speak in terms of "percent." The statute requires an additional penalty of "$4 for each $40, or fraction thereof." Thus, if a defendant were to be assessed a fine up to $40 under another statutory provision, he would pay $4 under this section. For example, if he were assessed $30, he would pay $4, rather than $3, because $30 would be a fraction of $40. The term "fraction" follows immediately after, and modifies, the term "$40." In this instance, defendant's $4 fine, assessed under section 5–9–1(c–9), is similarly a fraction of $40. Defendant will be assessed a $4 fine under section 10(b) of the Act, not 40 cents as the parties have assumed. The cause will be remanded to the circuit court

for imposition of a $4 fine.

For the foregoing reasons, the judgment of the appellate court is reversed in part, the $20 fine imposed by the circuit court under section 10(c)(2) of the Act is vacated, and the cause is remanded to the circuit court for the imposition of a $4 fine pursuant to section 10(b) of the Act.

*Appellate court reversed in part;*
*cause remanded to the circuit court.*