No. 3-08-0664

Filed June 22, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit Whiteside County, Illinois, |
| Plaintiff-Appellee, | ) ) | No. 07-CF-65 |
| v. | ) ) | |
| BRIAN C. ANDERSON, | ) ) | The Honorable Stanley B. Steines, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the opinion of the court:

Defendant, Brian C. Anderson, pled guilty to two counts of aggravated criminal sexual

abuse. On appeal, defendant challenges both his term of mandatory supervised release and the

amount of fines imposed. We vacate in part, reverse in part, affirm in part and remand for further

proceedings.

FACTS

Defendant was charged by information with two counts of aggravated criminal sexual

abuse. The information alleged that defendant committed two acts of sexual penetration with

K.A., a minor who was at least 13 years old when the offense occurred on or about May 29,

2006. In particular, count I alleged that defendant, who was at least five years older than K.A.,

placed his penis in the mouth of K.A. Count II alleged that defendant placed his mouth on the penis of K.A.

On February 28, 2008, defendant appeared in court with counsel and tendered a partially negotiated guilty plea. The terms of the plea agreement provided that defendant would plead guilty to both counts of aggravated criminal sexual abuse in exchange for the State's agreement to recommend no more than concurrent, five-year terms of imprisonment. In addition, the parties indicated that they were not in agreement concerning the proper term of mandatory supervised release (MSR) that defendant would have to serve if the court imposed a term of imprisonment. Counsel for defendant indicated that he was aware of the Department of Corrections's (DOC) policy to treat defendants with multiple convictions in a single case as defendants who have received a second or subsequent conviction, and who therefore must complete four years of MSR upon their release from custody.

The trial court addressed defendant and admonished him that the range of penalties included the option of probation or a prison term of not less than three or more than seven years, followed by a four-year period of MSR. The court also admonished defendant that he could be fined up to $25,000. After defendant indicated he understood the possible penalties, the court explained the rights defendant was waiving by pleading guilty. After defendant indicated he was aware of his rights, the State provided a factual basis for the charges.

Defendant and K.A. were returning home from a day of swimming at a YMCA in Sterling, Illinois, when defendant parked his car in a hotel parking lot and walked with K.A. into a wooded area, where the two engaged in oral sex. Defendant was 24 years old on the date of the offenses and he indicated that, while he knew K.S. was not yet 16 years old, it was K.A.'s idea

2

that they engage in the sexual conduct. Defendant confirmed that he was not being forced to plead guilty and no promises had been made other than the terms of the agreement which the court had gone over. At the conclusion of the hearing, the court accepted defendant's guilty plea and set a date for the sentencing hearing.

At the sentencing hearing, defense counsel renewed his contention that defendant did not meet the conditions for having to spend four years on MSR, since he was being "convicted of two counts in the same case." The trial court determined that a sentence of probation was not appropriate and he imposed concurrent terms of four years' imprisonment. In addition, the court ordered that the enhanced four-year period of MSR would follow the prison term, since defendant was being sentenced on two counts of aggravated criminal sexual abuse. Finally, the court ordered defendant to pay two $200 fines under the sexual assault fine statute and two $40 fines under the violent crime victims assistance fund statute.

The trial court notified defendant that if he wished to pursue an appeal, he would first have to file either a motion to reconsider the sentence or a motion to withdraw his guilty plea. On June 11, 2008, defendant filed an amended motion to reconsider sentence. In that motion, defendant maintained that the trial court erred in imposing a four-year term of MSR, and in ordering defendant to pay a separate $200 sexual assault fine on each of his convictions. On August 18, 2008, the trial court denied defendant's motion to reconsider.

ANALYSIS

Defendant brings three claims on appeal: (1) the trial court erred in imposing a four-year term of MSR under section 5-8-1(d)(5) of the Unified Code of Corrections (Code) 730 ILCS 5/5-8-1(d)(5) (West 2006)), (2) the trial court erred in imposing duplicate fines under the sexual

3

assault fines statute (730 ILCS 5/5-9-1.7(b)(1) (West 2006)), (3) the trial court should have imposed a $20 fine, as opposed to two separate fines of $40 each, under the violent crime victims assistance fund statute (725 ILCS 240/10 (West 2006)).

The trial court has broad discretion in sentencing and imposing fines. *People v. Bruer*, 335 Ill. App. 3d 422, 425, 780 N.E.2d 1128, 1130 (2002); *People v. Ivy*, 133 Ill. App. 3d 647, 656, 479 N.E.2d 399, 405-06 (1985). These decisions will not be disturbed absent an abuse of discretion. *Bruer*, 335 Ill. App. 3d at 425, 780 N.E.2d at 1130; *Ivy*, 133 Ill. App. 3d at 656, 479 N.E.2d at 405-06. However, to the extent an issue presents a question of statutory interpretation, our review is *de novo*. *Bruer*, 335 Ill. App. 3d at 425, 780 N.E.2d at 1130-31.

At the outset, we are confronted with a jurisdiction question. Defendant contends that the trial court's sentencing order is void. In response, the State contends that the order is merely voidable. "Whether a judgment is void or voidable presents a question of jurisdiction." *People v. Davis*, 156 Ill. 2d 149, 155, 619 N.E.2d 750, 754 (1993). "A judgment is void (as opposed to voidable) only if the court that entered it lacked jurisdiction." *People v. Raczkowski*, 359 Ill. App. 3d 494, 496-97, 834 N.E.2d 596, 599 (2005). " 'By contrast, a voidable judgment is one entered erroneously by a court acting within its jurisdiction and is correctable on review [only] if a timely appeal is taken.' " *Raczkowski*, 359 Ill. App. 3d at 497, 834 N.E.2d at 599, quoting *People v. Speed*, 318 Ill. App. 3d 910, 914, 743 N.E.2d 1084, 1087 (2001).

Here, defendant does not contest that the trial court lacked the authority to order MSR and certain fines. Instead, defendant only challenges the specific amount of MSR and fines ordered by the trial court. Clearly, the sentencing order was within the jurisdiction of the trial

4

court.  Thus, we find that the order is not void, but instead, merely voidable.[1]  We now turn to the merits of defendant's appeal as the State, in its initial brief, acknowledges that defendant's appeal is timely.

We first consider the propriety of defendant's sentence under section 5-8-1(d)(5) of the Code (730 ILCS 5/5-8-1(d)(5) (West 2006)).  Defendant contends that section 5-8-1(d)(5) was improperly applied to him because his "two convictions stem from a single incident during which two sex acts were committed."  Thus, defendant argues that "he does not meet the definition of an offender who has committed a 'second or subsequent' offense against a person under 18 years of age."  We agree.

Section 5-8-1(d)(5) provides:

"(d) *** Subject to earlier termination under Section 3-3-8,
the parole or mandatory supervised release term shall be as
follows:

* * *

(5) if the victim is under 18 years of age, for a
second or subsequent offense of aggravated criminal sexual abuse
or felony criminal sexual abuse, 4 years, at least the first 2 years of
which the defendant shall serve in an electronic home detention
program under Article 8A of Chapter V of this Code."  ( 730 ILCS
5/5-8-1(d)(5) (West 2006).

No Illinois court has addressed the meaning of the phrase "second or subsequent offense"

---

[1] The order is only voidable assuming some error exists.

in section 5-8-1(d)(5). However, several courts have interpreted different enhancement provisions similar to the one at issue in this case. See *People v. Leckner*, 149 Ill. App. 3d 314, 500 N.E.2d 721 (1986); *People v. Carlock*, 102 Ill. App. 3d 1100, 430 N.E.2d 212 (1981); *People v. Phillips*, 56 Ill. App. 3d 689, 371 N.E.2d 1214 (1978). We begin by examining these cases.

In *Phillips*, the State charged defendant with two separate violations of the Illinois Controlled Substance Act (Ill. Rev. Stat. 1975, ch. 56 ½, par. 1401(b)). Each violation was prosecuted as an individual case. The defendant entered a guilty plea in each cause on the same day, but at different hearings. The hearings were separated by a five-minute recess. The trial court imposed an enhanced sentence on the second case based on the conviction in the first -- the case in which he had pleaded guilty five minutes before the second case was heard. The enhancement provision in *Phillips* provided:

> "Any person convicted of a second or subsequent offense
> under this Act may be sentenced to imprisonment for a term of up
> to twice the maximum term otherwise authorized ***.
>
> For purposes of this Section, an offense is considered a
> second or subsequent offense, if, prior to his conviction of the
> offense, the offender has at any time been convicted under this Act
> ***." Ill. Rev. Stat. 1975, ch. 56 ½ par. 1408.

On appeal, the court rejected the interpretation adopted by the trial court and ultimately reduced defendant's sentence in the second case. *Phillips*, 56 Ill. App. 3d at 695-96, 371 N.E.2d at 1218-19. Specifically, the court stated:

6

"A statute which imposes additional punishment upon

conviction for a second or subsequent conviction is highly penal

and must be strictly construed. [Citations.] Enhanced penalty

statutes are enacted as a warning to a first offender of the consequences of a second conviction,

and it cannot legally be known that an offense has been committed until there has been a

conviction. [Citation.] Further, an enhanced penalty should not be imposed until the offender

has had the opportunity to reform due to the salutary discipline of the punishment which he has

received as a consequence of his first conviction. [Citations.] We conclude that the words

'convicted of a second or subsequent offense' prior to the fixing of penalties in section 408 of the

Controlled Substances Act does not contemplate the accumulation of a number of offenses

within a four-day period but contemplates increased punishment for a person who, after

conviction, does not reform but persists in committing other offenses of a similar character.

[Citation.] Therefore, we hold that for a defendant to be sentenced to enhanced penalties of

section 408 of the Controlled Substances Act the following must occur: (1) The defendant must

be convicted of a narcotics violation charge as defined in (b) of section 408; (2) he must then

commit another narcotics offense which leads to his second or subsequent conviction; and (3) the

enhanced penalties provision must be specifically invoked by the trial court when imposing

sentence. Under the facts of this case the trial court had no power to impose an enhanced penalty

on the defendant. Courts of other jurisdictions have reached the same conclusion. [Citations.]"

*Phillips*, 56 Ill. App. 3d at 695-96, 371 N.E.2d at 1218-19.

The defendant in *Leckner* was charged with five counts of deceptive practices. Each

count of the information alleged that defendant was guilty of a felony because he had previously

been convicted of deceptive practice. The deceptive practices statute provides that an offense under the statute is a Class A misdemeanor but adds that "[a] person convicted of a deceptive practice in violation of paragraph (d) a second or subsequent time shall be guilty of a Class 4 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 17-1(B)(d)). Prior to trial, the defendant filed a motion to dismiss the information on the grounds that the events leading to each of the five felony charges occurred prior to his previous deceptive practice conviction. The trial court denied the defendant's motion and he was subsequently convicted on all five felony counts. In reversing defendant's conviction the court stated:

"When proof of a previous conviction for an offense will change a future violation of the law from a misdemeanor to a felony, the underlying conviction is an element of the felony offense. [Citations.] Because a previous conviction for deceptive practice is an element of felony deceptive practice, the underlying conviction must exist at the time the actions constituting a second offense take place. A 'crime' occurs only when certain acts or a series of acts coincide with the requisite mental state. [Citation.] Thus, the State may not enhance a crime from misdemeanor to felony status because of a conviction which arises after the occurrence of the actions which constitute the charged offense.

Our conclusion is buttressed by a number of Illinois cases arising in various contexts which interpret enhancement provisions similar to the one at issue in the present case. [Citations.] In each

8

of these cases, the court determined that a conviction used to enhance the seriousness of a later offense must precede the conduct which constitutes the second (felony) offense." *Leckner*, 149 Ill. App. 3d at 316, 500 N.E.2d at 722-23.

Here, the State attempts to argue that because section 5-8-1(d)(5) does not use the term "convicted" or "committed," the trial court's conclusion that one of defendant's offenses was factually a "second or subsequent offense" was proper. A similar argument, however, was rejected in *Carlock*. In *Carlock*, the court examined the sentence provisions of an obscenity statute, which stated that obscenity is a Class A misdemeanor but that "[a] second or subsequent offense is a Class 4 felony." Ill. Rev. Stat. 1979, ch. 38, par. 11-20(d). On appeal, the State alleged that by use of the word "offense" as opposed to "conviction" the legislature clearly intended that the felony obscenity prosecution need not be predicated on a prior conviction for obscenity. In disagreeing, the court stated:

> "An examination of the Criminal Code of 1961 [citation] discloses that there are other sections of the Code providing for enhancement of penalties for subsequent offenses which do not specifically refer to convictions but rather speak, as does the section here in question, in terms of subsequent offenses. We particularly note this to be true regarding some provisions that are subsections of the same offense. For example, section 16 -- 1 of the Criminal Code of 1961 deals in subparagraph (e)(1) with the enhancement of the offense of theft of property to a Class 4 felony

9

speaking in terms of a second or subsequent offense after a conviction of any type of theft, while the very next subparagraph (e)(2) provides for the enhancement of theft of a firearm from a Class 4 felony to a Class 3 felony speaking only in terms of offense without any reference to a prior conviction. [Citation.] It is inconceivable that the legislature could have intended to require two different conditions for penalty enhancement with reference to two categories of theft. A similar example can be found with reference to deceptive practices (see Ill. Rev. Stat. 1979, ch. 38, par. 17 -- 1(B), as contrasted with pars. 17 -- 1©)(3) and 17 -- 1©)(4)). From our reading of the statute we discern no intent of the legislature to depart from the requirement that the offense on which the subsequent enhancement is predicated must first be reduced to a conviction." *Carlock*, 102 Ill. App. 3d at 1101-02, 430 N.E.2d at 213-14.

In light of the foregoing authority, we find the trial court abused its discretion in imposing a four-year term of MSR under section 5-8-1(d)(5). In coming to this conclusion, we acknowledge that the above authority either involved enhancement of an incarceration term or enhancement of a crime from a misdemeanor to a felony. The instant case, however, involves enhancement of an MSR term. We find this distinguishing characteristic irrelevant, however, because MSR is also a penal consequence of an individual's conviction. *People v. Santana*, 388 Ill. App. 3d 961, 968, 904 N.E.2d 132, 138 (2009).

10

Defendant next contends the trial court erred in imposing duplicate fines under section 5-9-1.7(b)(1) of the Code. Section 5-9-1.7(b)(1) states:

> "In addition to any other penalty imposed, a fine of $200 shall be imposed upon any person who pleads guilty or who is convicted of, or who receives a disposition of court supervision for, a sexual assault or attempt of a sexual assault." 730 ILCS 5/5-9-1.7(b)(1) (West 2006).

Section 5-9-1.7(a)(1) defines "sexual assault" as follows:

> " 'Sexual assault' means the commission or attempted commission of the following: sexual exploitation of a child, criminal sexual assault, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual abuse, aggravated criminal sexual abuse, indecent solicitation of a child, public indecency, sexual relations within families, soliciting for a juvenile prostitute, keeping a place of juvenile prostitution, patronizing a juvenile prostitute, juvenile pimping, exploitation of a child, obscenity, child pornography, harmful material, or ritualized abuse of a child, as those offenses are defined in the Criminal Code of 1961." 730 ILCS 5/5-9-1.7(a)(1) (West 2006).

The express language of section 5-9-1.7(b)(1) does not limit the trial court to the imposition of one fine per case. Instead, it provides for "a fine of $200 fine *** for[] *a* sexual assault." (Emphasis added.) 730 ILCS 5/5-9-1.7(b)(1) (West 2006). Here, defendant pled guilty

to two counts of aggravated criminal sexual abuse. In light of these particular circumstances, we do not believe the trial court abused its discretion in ordering defendant to pay $400 under section 5-9-1.7(b)(1). While we recognize that the cases cited by defendant all involved instances where the trial court chose to impose one $200 fine where the defendant was convicted of more than one count of "sexual assault," we cannot say that the trial court in the instant case abused its discretion merely because it decided to impose two $200 fines. Stated another way, the mere fact that other courts decided, in their discretion, to order one $200 fine, does not mean that the trial court in the instant case abused its discretion in ordering two $200 fines. Again, a trial court's decision to impose a fine as part of a defendant's sentence is entitled to great deference. *Ivy*, 133 Ill. App. 3d at 656, 479 N.E.2d at 405-06. Defendant has failed to provide us with any statutory authority or case law that would act to bar the trial court's actions here.

Lastly, defendant contends that the trial court should have imposed a $20 fine, as opposed to two separate fines of $40 each, under section 10 of Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10 (West 2006)). Initially, the State concedes that the trial court erred in ordering two separate fines of $40 each. While the State concedes error, it argues that defendant waived this issue because "defendant did not raise this issue in his motion to reconsider sentence, nor did he object to the imposition of the incorrect fees at the time of sentencing." Although the State is correct that defendant waived this issue, we choose to review the issue as plain error under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)).

Both the State and defendant acknowledge that the supreme court in *People v. Jamison*, 229 Ill. 2d 184, 890 N.E.2d 929 (2008), determined that section 10, applied in instances such as the current one where other fines have been imposed, and that the rate of the additional section

10 fine was calculated at $4 per every $40 of the other fine. See *Jamison*, 229 Ill. 2d at 193, 890 N.E.2d at 933-34. Thus, each of the two sexual assault fines of $200 carries an additional $20 fine under section 10 of the Act, for a total of $40, not $80. Because we find that the imposition of a fine not authorized by statute challenges the integrity of the judicial process, we find plain error. See *People v. Herron*, 215 Ill. 2d 167, 178, 830 N.E.2d 467, 475 (2005).

For the foregoing reasons, we vacate defendant's four-year term of MSR, affirm the trial court's imposition of two $200 sexual assault fines under the Code, reverse the trial court's imposition of two separate fines of $40 under the Act, and remand the matter for further proceedings.

Vacated in part, affirmed in part, and reversed in part; cause remanded for further proceedings.

CARTER and HOLDRIDGE, JJ., concur.